Theodore J. MICHALAK

v.

Casper WEINBERGER, Secretary of Health, Education and Welfare.

Civ. A. No. 75–H–168.

United States District Court,
S. D. Texas,
Houston Division.

Aug. 2, 1976.

Robert L. Butler, Houston, Tex., for plaintiff.

Burton Ballanfant, Asst. U. S. Atty., Houston, Tex., for defendant.

*Memorandum and Order:*

SINGLETON, District Judge.

The plaintiff, Theodore J. Michalak, brings this action pursuant to § 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g) (1970), for review of a final decision of the Secretary of Health, Education and Welfare.

The pertinent facts are as follows:

The plaintiff filed an application for a period of disability and disability benefits on January 17, 1972, alleging December 8, 1971, as the onset date of his disability. "Onset date" is a term of art used by the Social Security Administration to mark the commencement of a period of disability for purposes of disability payments. On February 26, 1972, the Social Security Administration found the alleged onset date to be correct.

The plaintiff, who had learned that his condition was a result of lymphocytic leukemia, was notified that he had a six-month waiting period (42 U.S.C. § 423) before receiving any disability benefits. Mr. Michalak had no income at the time and notified the agency that, in order to pay the debts from his hospitalization and meet other living expenses, he felt compelled to return to his former employment. A representative of the Social Security Administration told him that he could try to work (Tr. 100, 107) and advised him of his right to a trial work period (Tr. 96, 100). In August, 1972, while employment continued, plaintiff received his first disability payment. He continued to work until February, 1973, at which time his illness prevented further employment. In October, 1973, the agency determined that plaintiff had been engaged in "substantial gainful activity" (as defined 20 C.F.R. § 404.1534, 1972) during the period from February, 1972, to February, 1973. Once this determination is made an existing period of disability terminates. Furthermore, the agency concluded that the onset date of Mr. Michalak's disability was February 28, 1973, rather than the original date of December 8, 1971. Therefore, in view of the Social Security Administration, plaintiff

had been overpaid during the period from July, 1972, to November, 1973.

The pertinent provision of the statute directs that in the event of an overpayment all incorrect amounts shall be adjusted or recovered by the Secretary (42 U.S.C. § 404(a) ). This recovery of overpayments can be waived, however, if *both* (a) the recipient is "without fault" and (b) recovery would defeat the purpose of Title II of the Social Security Act or be "against equity and good conscience." 42 U.S.C. § 404(b).

A hearing was held at the request of plaintiff before an Administrative Law Judge on August 12, 1974, to assess these revised determinations. In his Hearing Decision, the Administrative Law Judge found the revised onset date to be correct and concluded that an overpayment existed. He found further that plaintiff was not "without fault" in creating the overpayment. Consequently, waiver of recovery by the Government of any overpayments, as provided in 42 U.S.C. § 404(b) was improper. The Appeals Council, on review, affirmed the decision of the Administrative Law Judge.

■■■ The function of this court in reviewing a decision of the Secretary of Health, Education and Welfare is to determine whether, after consideration of the entire record, there is substantial evidence to support that decision. § 42 U.S.C. 405(g). The court will not try the claim *de novo* but will carefully scrutinize the evidence presented on the record and determine whether the Secretary's conclusions could reasonably have been reached from that evidence. *Nasser v. Secretary of Health, Education and Welfare,* 388 F.Supp. 58 (E.D.N.Y.1975).

■■■ The first question presented to this court is whether the Secretary's finding that the revised onset date of disability was correct, is supported by substantial evidence. To be found disabled within the meaning of the statute an individual must demonstrate that he is unable to engage in "substantial gainful activity" (42 U.S.C. § 423(d)(I)(A) ). The regulations provide that absent other evidence of an inability to engage in substantial gainful activity:

An individual's earnings from work activities averaging in excess of $140 a month shall be deemed to demonstrate his ability to engage in substantial gainful activity . . . . .

20 C.F.R. § 404.1534(b) (1972). In the period from February, 1972, to February, 1973, plaintiff earned an average monthly salary of $520 not inclusive of sick or vacation pay. (Tr. 89). Furthermore, Mr. Michalak's employer stated that during this period all work done was satisfactory (Tr. 93), from which the Secretary could reasonably have concluded that there were no other circumstances indicating an inability to engage in "substantial gainful activity." (*See* 20 C.F.R. § 404.1532(d), 1972). From this and other evidence on the record the Secretary found that the revised onset date of disability was correct.

Although this court finds that the Secretary's conclusion on this question is supported by substantial evidence and, therefore, affirmed, it appears grossly unfair for this individual's disability period to be revised because of the agency's failure to adequately explain their regulation to him.

■■■ The second question presented to this court is whether the Secretary's determination that the plaintiff was not "without fault" in accepting the benefit payments and thus must repay all overpayments, is supported by substantial evidence. In determining when an individual is at fault the regulations state:

What constitutes fault . . . on the part of the overpaid individual . . . from whom the Administration seeks to recover the overpayment depends upon whether the facts show that the incorrect payment to the individual . . . resulted from:

\*   \*   \*   \*   \*   \*

(b) Failure to furnish information which he knew or should have known to be material; or

(c) With respect to the overpaid individual only, acceptance of a payment which

he knew or could have been expected to know was incorrect. 20 C.F.R. § 404.507 (1972). The record is replete with evidence of attempts by the plaintiff to inform the agency of his activities (Tr. 96, 100, 107). Before he ever returned to work the plaintiff notified the agency that he was compelled to do so to meet living expenses (Tr. 112).

In August, 1972, Mr. Michalak received his first disability check. Before cashing it he contacted the agency for advice and was told that the check belonged to him and to "go ahead and use it" (Tr. 64, 65, 96, 101, 107, 112, 124). Throughout this correspondence with the agency, representatives told plaintiff that he was in a trial work period (Tr. 96, 101, 112) and that the benefit checks would not be affected by his employment (Tr. 112, 114).

In addition to the evidence above which establishes that plaintiff exercised a high degree of care to ensure the propriety of his conduct, there are administrative regulations which deal with a situation where an individual relies to his detriment on agency misinformation. The regulations state that an individual will be "without fault" in accepting an overpayment if there was

> (b) Reliance upon erroneous information from an official source within the Social Security Administration . . . with respect to the interpretation of a pertinent provision of the Social Security Act or regulations pertaining thereto.

20 C.F.R. § 404.510(b)(1972). There is no evidence in any part of the record that contradicts or challenges the documents and other evidence offered by plaintiff. Viewing the record as a whole, a finding that plaintiff was not "without fault" is not supported by substantial evidence. Therefore, this court holds that plaintiff was "without fault" as defined in 20 C.F.R. §§ 404.507, 404.510. Accordingly, the Secretary's finding on this issue is hereby REVERSED.

The Government has filed a motion for summary judgment. In light of the above findings, the motion is granted as to the revised onset date. Since the Secretary's determination that plaintiff was not "without fault" is reversed, the issue relating to recovery of overpayments is remanded to the agency for a determination of whether recovery by the Government would "defeat the purpose of [Title II] or would be against equity and good conscience." 42 U.S.C. § 404(b).