Clarence KIRK, Plaintiff,

v.

David MATHEWS, Secretary of Health, Education and Welfare, Defendant.

Civ. A. No. 75–2256–S.

United States District Court, D. Massachusetts.

March 11, 1977.

---

Bernard Cohen, Brockton, Mass., for plaintiff.

Karin K. Zander, Asst. U. S. Atty., Boston, Mass., for defendant.

## MEMORANDUM

SKINNER, District Judge.

Plaintiff brought this action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for review of a final decision of the Secretary in which he determined (1) that plaintiff's eligibility for disability benefits terminated in December 1972; (2) that plaintiff was not without fault with respect to receipt of overpayments totaling $552.80; and (3) that recovery of the overpayments by the Social Security Administration (hereinafter, SSA) would therefore be proper. See 42 U.S.C. §§ 423(a) and 404(b).

The case is before me on defendant's motion for summary judgment. I am empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

The plaintiff's application for disability benefits was approved in January 1972 for a period beginning on March 15, 1971. It was on that date that plaintiff suffered an injury to his back in the course of his work as a leather cutter.

In the notice to plaintiff of his approval for benefits he was informed that his eligibility would be reviewed "about September 1972." He was told to notify a Social Security office at once if he returned to work.

On December 19, 1972, Dr. Richard Alemian, the same doctor whose report in January 1972 supported the original determination of disability, reexamined the plaintiff at the request of the Massachusetts Rehabilitation Commission. He determined that plaintiff "may have a bulging disc that has not completely herniated through." He recommended in his detailed report no limitations on plaintiff's activity except that plaintiff do no heavy lifting.

A report was submitted by the plaintiff to the SSA of an examination on February 2, 1973 in which Dr. Albert Starr stated that plaintiff was still disabled "and that that disability is the result of the accident at work."

Both medical opinions were in evidence before the Administrative Law Judge.

Plaintiff returned to work in March 1973. He notified the SSA of this fact when he received his first pay check.

A court, in reviewing a decision of the Secretary, is to accept findings of fact as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). *Reyes Robles v. Finch*, 409 F.2d 84 (1st Cir. 1969).

Here the Secretary's finding that beginning in December 1972 the plaintiff was not disabled within the meaning of 42 U.S.C. § 423(d)(2)(A) is supported by the results of Dr. Alemian's medical examination of the plaintiff in that month and by the fact that shortly after Dr. Starr's examination, the plaintiff looked for work and actually began working again in March. This is substantial evidence.

Plaintiff received $552.80 as overpayment beyond the period of his entitlement.

Under 42 U.S.C. § 404(a), the Secretary is to require the overpaid person to refund the excess. Under 42 U.S.C. § 404(b), however, ". . . there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or

would be against equity and good conscience."

In determining whether a claimant is without fault the Social Security Administration "will consider all pertinent circumstances, including his age, intelligence, education, and physical and mental condition." 20 C.F.R. § 404.507. A finding of fault under the regulations depends on whether the overpayment resulted from:

    (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

    (b) Failure to furnish information which he knew or should have known to be material; or

    (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect. 20 C.F.R. § 404.507.

The Administrative Law Judge found the plaintiff not to be without fault because he began to look for work in mid-February 1973. He determined that the plaintiff "knew or should have known that he was not entitled to the overpayments."

I cannot find in the record before me substantial evidence to support the Secretary's finding. The plaintiff cannot read and can write only his own name. When he was notified of his eligibility for benefits, the plaintiff was only specifically told to report to a Social Security office if he returned to work. The plaintiff did so in March 1973. The SSA then sent checks for March, April and May.

This claimant, with a severely limited education and, the record reflects, an equally limited ability to comprehend the complexities of the SSA, remembered being told to inform the SSA if he returned to work. A claimant is entitled to two month-ly checks beyond the last month in which he is disabled. 42 U.S.C. § 416(i)(2)(D). He may well have believed that his entitlement to receive checks would cease in the month in which he returned to work with two more checks to come.

As narrow as the court's scope of review is under the substantial evidence standard "we are not barred from setting aside an agency decision when, as a reviewing court, we 'cannot conscientiously find that the evidence supporting that decision is substantial, when reviewed in the light that the record in its entirety furnishes.'" *Kivitz v. S.E.C.*, 154 U.S.App.D.C. 372, 475 F.2d 956 (1973), quoting *Universal Camera Corp. v. Labor Bd.*, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

Were this plaintiff better able to understand the regulatory requirements of the SSA, I might reach a different result. The regulation requiring consideration of education and intelligence in determining fault (20 C.F.R. § 404.507) compels me to reverse the finding of fault.[1] *Cf. Morgan v. Finch*, 423 F.2d 551 (6th Cir. 1973) (claimant a self-employed insurance agent); *Crites v. Weinberger*, 364 F.Supp. 956 (N.D.Tex. 1973) (claimant a "college graduate").

The Secretary made only a conclusory finding regarding whether recovery would defeat the purpose of the disability benefits subchapter. I find on the basis of the record that recovery of the overpayment on the plaintiff would "defeat the purpose of title II". 20 C.F.R. § 404.508. This plaintiff "needs substantially all of his current income (including social security monthly benefits) to meet current ordinary and necessary living expenses." *Id.*

At the time of the hearing, the plaintiff had a non-working wife and six children living at home. He was adjudicated bank-

---

1. The government in its brief suggests that the Secretary's determination is supported by an indication in the record that the plaintiff received notice on January 31, 1973, of the SSA's intent to terminate benefits. The Administrative Law Judge made no mention whatsoever of this in support of his determination of fault. At the hearing, he stated that the claimant was advised initially on June 14, 1973 of the deci-sion to terminate as of December 1972. The document to which the government now refers is merely an in-house record which includes a statement that plaintiff was notified. The record does not include a copy of any such notice. There is no finding below, nor is there a basis in the record for a finding by me of any notice of termination before June 14, 1973.

rupt about a year before the hearing. He owed $1,500 for a loan taken to pay an oil bill. He was living on unemployment insurance, welfare and food stamps. He stated that if he was found to owe the money received as overpayments he "wouldn't be able to pay it."

I shall AFFIRM the Secretary's finding that plaintiff's disability ceased in December 1972, and REVERSE his findings that plaintiff was not without fault in receiving overpayments and that recovery would not defeat the purposes of the Social Security Act.

Judgment to enter accordingly.