**Ruth L. MEYER, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCA-TION AND WELFARE, Defendant.**

**No. G77–578 C.A.**

United States District Court, W. D. Michigan, S. D.

Dec. 11, 1980.

Preston Hopson of Legal Aid of Western Michigan, Grand Rapids, Mich., for plaintiff.

Robert C. Greene, Asst. U. S. Atty., Grand Rapids, Mich., for defendant.

## OPINION

FOX, Senior District Judge.

This action is brought pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a "final decision" of the Secretary of Health, Education and Welfare denying Plaintiff's claim for a waiver of recovery for overpayment of supplemental security income benefits under Section 204(b) of the Social Security Act.

Ruth L. Meyer is a 41 year old female. She has a limited education, having only completed the ninth grade. She suffers from diabetes and its related symptoms, takes insulin, and has a weight problem. She is a recipient of supplemental security income benefits in addition to approximately $100 per month income from babysitting for three children who live in her home. On or around April 13, 1976, she advised the Social Security Administration that her husband would begin receiving unemployment compensation benefits. By a notice from the Administration dated April 21, 1976, Ruth L. Meyer was informed that her benefits would be reduced due to her husband's receipt of unemployment benefits which were deemed to be income to her (Tr. 60). Upon her receipt of the notice, Mrs. Meyer called the Social Security Administration and informed the answering Administration employee that she did not understand the notice. She was advised by the Administration worker not to worry because the matter would be taken care of.

In a notice from the Social Security Administration dated June 23, 1976, Mrs. Meyer was informed that the Administration had determined that she had received $1,216.08 more in supplemental security payments than were due to her (Tr. 61). The reason cited for the overpayment was that the Administration was unaware of her husband's earnings and/or unemployment benefits income, part of which was deemed to belong to her (Tr. 60). In accordance with this determination, she was advised that as of August 1976, fifty dollars per month would be withheld from her monthly benefits payment in order to recover her overpayment of $1,216.08 (Tr. 60).

On June 25, 1976, Mrs. Meyer submitted a request for waiver of the overpayment. Her request for waiver of the overpayment was based on the fact that she had reported her husband's income to the Administration and had been advised that the matter would be taken care of (Tr. 64). On June 29, 1976, Mrs. Meyer's waiver request was denied. However, $139.80 was waived because an Administration employee had made a mistake and given Mrs. Meyer erroneous information as to the amount of benefits she was entitled to retain from her monthly benefit checks (Tr. 66). Thus, according to that notice, Mrs. Meyer's overpayment was reduced to $1,076.28 (Tr. 67).

Mrs. Meyer filed a Request for Reconsideration of the decision that she had received an overpayment in the amount of $1,076.28 on July 6, 1976 (Tr. 70). This request was acted upon and on October 28, 1976, a reconsideration was rendered which found that Mrs. Meyer was at fault and not entitled to a waiver of the overpayment. However, in that notice, she was advised that the balance of her overpayment was $1,131.00 and not $1,076.28 (Tr. 75, 77, 79), as she had been informed on June 29, 1976. Following this adverse determination, Mrs. Meyer filed a Request for Hearing on December 1, 1976. Said hearing was held on May 10, 1977 in Grand Rapids, Michigan. Mrs. Meyer was unrepresented by counsel, and, in addition to herself, presented only one witness, her husband, Jacob Meyer. The Administrative Law Judge concluded that Mrs. Meyer was at fault and that the overpayment to the claimant should not be waived (Tr. 10, 11).

Section 1631(b) of the Social Security Act provides that:

Whenever the Secretary finds that more or less than the correct amount of benefits has been paid with respect to any individual, proper adjustment or recovery shall, subject to the succeeding provisions of this subsection, be made by appropriate adjustments in future payments to such individual or by recovery from or payment to such individual or his eligible spouse (or by recovery from the estate of either). The Secretary shall make such provision as he finds appropriate in the case of payment of more than the correct amount of benefits with respect to an individual with a view to avoiding penalizing such individual or his eligible spouse who was without fault in connection with the overpayment, if adjustments or recovery on account of such overpayment in such case would defeat the purposes of this title, or be against equity or good conscience, or (because of the small amount involved) impede efficient or effective administration of this title.

42 U.S.C. § 1383(b). There are two regulations which further explain when waiver of adjustment or recovery is proper. 20 CFR 416.554 (1979) provides that:

Waiver of adjustment or recovery of an overpayment is proper when the person on whose behalf waiver is being considered is without fault, as defined in § 416.552, and adjustment or recovery would be against equity or good conscience. Adjustment or recovery is considered to be inequitable and contrary to good conscience when such person, in reliance on such payments or on notice that such payments would be made relinquished a valuable right or changed his position for the worse. In making such a decision, the individual's financial circumstances are not considered.

20 CFR 416.555 (1979) also states as follows:

Waiver of adjustment or recovery is proper when the overpaid person on whose behalf waiver is being considered is without fault, as defined in § 416.552 and adjustment or recovery would impede efficient or effective administration of title XVI due to the small amount involved. The amount of overpayment

determined to meet such criteria is measured by the current average administrative cost of handling such overpayment case through such adjustment or recovery processes. In determining whether the criterion is met, the overpaid person's financial circumstances are not considered.

■ Judicial review of administrative determinations should be based upon a consideration of the record as a whole and the standard to be applied is one of "substantial evidence." *Universal Camera v. NLRB*, 340 U.S. 374, 71 S.Ct. 456, 95 L.Ed. 456 (1951); 42 U.S.C. § 405(g). If there is substantial evidence to support the findings, it becomes unnecessary to determine whether recovery would be against equity or good conscience or would defeat the purposes of the Act. See *Morgan v. Finch*, 423 F.2d 551, 553 (6th Cir. 1970). The United States Supreme Court has held that "substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

■ This court, after reviewing the administrative record below and the applicable law, is of the opinion that the finding by the Administrative Law Judge is not supported by substantial evidence. The record of the administrative hearing is replete with plaintiff's testimony of her numerous conversations with the District Office of the Social Security Administration concerning her husband's receipt of income (Tr. 19, 20, 21, 32, 39, 40, 41, 42). Further, several exhibits show Ruth Meyer's concern for reporting the unemployment compensation to the Administration (Exhibits 5, 9). Even the Administration, in a report signed by G. Gilbert, admits that the "question is whether they should have to repay now when they reported events timely." (Exhibit 10, page 3.) In Exhibit 13, the Administration admits they were at fault for failing to take action or stop or adjust her check, but also finds fault with the plaintiff for continuing to accept and spend the money being sent her. (See also Exhibit 14.)

■ While an overpaid individual is not relieved of liability and is not "without fault" solely because the Social Security Administration may have been at fault in making the overpayment, all pertinent circumstances surrounding the overpayment in the particular case must be examined. Under 20 CFR 416.552, an individual will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from any one of the following:

(a) failure to furnish information which the individual knew or should have known was material;

(b) an incorrect statement made by the individual which he knew or should have known was incorrect, or

(c) the individual did not return a payment which he knew or could have been expected to know was incorrect.

In the instant situation, the plaintiff notified the Social Security Administration several times of the changed circumstances. Further, there has been no allegation that she ever gave any incorrect statements to the Administration. The only basis for her being "with fault" is the conclusion by the Administrative Law Judge that she did have knowledge that an overpayment was occurring and did not fully assume or exploit her responsibilities in reporting the unemployment compensation benefits (Tr. 10). The second part of the judge's conclusion has been refuted by the statements of the plaintiff and the exhibits which clearly show that the Administration was aware of the details, yet failed to take any action. Nowhere does the record reveal that the plaintiff was aware that an overpayment was occurring during her receipt of the supplemental security benefits in question. Upon each receipt of benefits, plaintiff contacted the Social Security Administration District Office for clarification, only to be informed "not to worry, and that the matter would be taken care of." Plaintiff, after informing the Administration, and being told not to worry, was justified in cashing and spending the supplemental security income checks that were being sent to her monthly.

■ Viewing all the pertinent circumstances surrounding the overpayment, plaintiff's limited social and educational background, the assurances she received from the local Administration office, and the rationale of other cases where claimants were misled by assurances from agency staff,[1] plaintiff here was "without fault" for receipt of the overpayment of benefits. The Administrative Law Judge's conclusion is unsupported by substantial evidence, and is in fact directly refuted by the testimony and the exhibits presented at the hearing.

The second test which must be met to entitle plaintiff to a waiver of adjustment or recovery of an overpayment is that such a recovery would either defeat the purpose of title XVI, be against equity or good conscience, or impede the administration of title XVI due to the small amount involved.[2] Here, it is quite obvious that to require repayment would be contrary to equity or good conscience. Plaintiff on numerous occasions informed the Administration of her husband's changed circumstances, but was always told by agency personnel not to worry about it, that things would be corrected. With these assurances, she cashed and spent each check, in reliance upon their word. To later send a notice of overpayment for $1,216.08 months after she had informed the agency, then change the amount a week later to $1,076.28, and then four months after that to again change the amount to $1,131.00 and inform her that this sum would be recovered $50 a month for the next two years is clearly inequitable and against good conscience. Plaintiff is a

1. For reported cases granting waivers where claimants were misled by agency personnel, see *Michalak v. Weinberger*, 416 F.Supp. 1213 (S.D.Texas, 1976), and *Kendrick v. Califano*, 460 F.Supp. 561 (E.D.Va.1978). Also relevant here is *Kirk v. Mathews*, 428 F.Supp. 564 (D.C. Mass.1977).

2. These requirements are set forth in 20 CFR 416.553; 20 CFR 416.554, and 20 CFR 416.555 (1979).

woman of limited education, poor health, and she suffers from a nervous condition. With all the discrepancy surrounding the amount of overpayment and the apparent "run-around" plaintiff received from Administration employees, it is obvious that a waiver is proper.

I find that the decision of the Secretary is not supported by substantial evidence. Plaintiff was "without fault" and it would be contrary to good conscience and equity to require recovery of the overpayment. Therefore, the Secretary's motion for summary judgment is denied, the plaintiff's motion for summary judgment is granted, and the case is remanded to the Secretary for awarding a Waiver of Recovery for Overpayment of Supplemental Security Income Benefits.