Alexander WEBB, Plaintiff,

v.

Patricia R. HARRIS, Secretary of Health and Human Services, Defendant.

No. 78 C 2714.

United States District Court, N. D. Illinois, E. D.

Sept. 17, 1980.

Daniel Galatzer, Chicago, Ill., for plaintiff.

---

Thomas P. Sullivan, U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

Plaintiff brought this action for judicial review of the defendant's denial of Social Security disability benefits. On July 31, 1979, summary judgment was entered in favor of plaintiff, and defendant was ordered to pay the benefits. No appeal was taken from this order. However, no funds were paid until plaintiff moved for an order of sanctions in January, 1980. The motion and the displeasure of the Court prompted the defendant to do her statutory duty and pay the past due benefits. The motion failed to have the effect that it does on any other litigant. The defendant did not pay current benefits. Plaintiff filed a second motion for sanctions in April, 1980. Not surprisingly, the plaintiff was paid that money after a rule to show cause was issued. Plaintiff has now petitioned for attorney's fees incurred in the proceedings on the second motion for sanctions and rule to show cause.

The defendant argues that under 28 U.S.C. § 2412 the United States and any of its agencies or officials are immune from an award of attorney's fees against them. Section 2412 provides:

*Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action.*

Plaintiff concedes that there is no express statutory authority for an award of attorney's fees in this situation. However, he argues that § 2412 is not applicable because the fees are sought as a sanction, not as part of his claim for disability benefits. Thus, plaintiff claims the Court has inherent equitable power to sanction defendant's dilatory conduct and that the government agency is not immune from this power.

█ It is well established that under the "American rule" attorney's fees generally are not recoverable by the prevailing party in an action. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). This rule is codified in § 2412 for actions against the United States. The rule operates when a party is seeking attorney's fees as part of its case–in–chief. However, that is not the situation here. Plaintiff's attorney was granted fees pursuant to 42 U.S.C. § 405(b)(1), but that money comes from plaintiff's disability benefits. Now fees are sought directly from defendant because of the extremely belated compliance with this Court's order.

The two cases defendant relies on both involved requests for attorney's fees in the initial action against the government agency. In that posture, the fees were correctly denied under 28 U.S.C. § 2412. *Gibson v. Davis*, 587 F.2d 280 (6th Cir. 1978); *Muenich v. United States*, 410 F.Supp. 944 (N.D. Ind.1976). On the other hand, the *Alyeska* Court noted that an award of fees as a sanction is an exception to the "American rule." 421 U.S. at 258, 95 S.Ct. at 1622. In addition, the District of Columbia Circuit has noted that fees may be awarded as a penalty even if the government is not technically held in contempt. *Lander v. Morton*, 518 F.2d 1084, 1086 (D.C.Cir.1975). Furthermore, the Seventh Circuit, although acknowledging the strictures of § 2412, recognized a "bad faith" exception to the "American rule" in *Adams v. Carlson*, 521 F.2d 168, 169 (7th Cir. 1975).

These cases indicate that the defendant cannot rely on an assertion of blanket immunity. Indeed, if the immunity were recognized, the defendant could comply with the Court's order whenever she pleased without incurring any liability. That type of conduct cannot be condoned and plaintiff is entitled to his attorney's fees and expenses on this matter.

Accordingly, plaintiff's petition for attorney's fees and expenses is granted in the amount of Five Hundred Sixty and 50/100 Dollars ($560.50).