Mary E. BENNETT, Plaintiff,

v.

Richard S. SCHWEIKER, Defendant.

Civ. A. No. 81–1357.

United States District Court,
District of Columbia.

July 16, 1982.

See also, D.C., 532 F.Supp. 837.

Stephen T. Owen, Kominers, Fort, Schlefer & Boyer, Washington, D.C., for plaintiff.

William H. Briggs, Jr., Mitchell R. Berger, Asst. U. S. Atty., Washington, D.C., for defendant.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., Chief Judge.

Plaintiff, Mary E. Bennett, originally brought this action seeking review of a final decision of the Secretary of Health and Human Services denying her claim for retirement insurance benefits under title II of the Social Security Act, 42 U.S.C. § 402(a) (1976). The Court granted plaintiff's motion for judgment reversing the Secretary's decision. The action is presently before the Court on plaintiff's motion for attorney's fees and expenses under two provisions of the Equal Access to Justice Act, 28 U.S.C. §§ 2412(b), 2412(d) (Supp. IV 1980). Plaintiff's attorney expressly waives any right to attorney's fees based upon the Social Security Act, 42 U.S.C. § 406(b)(1) (1976), which limits attorney's fees to twenty-five percent of the past-due benefits recovered and, in addition, prescribes that the attorney's fees be paid out of the past-due benefits recovered.

The Court need not decide whether, as the Secretary contends, the Social Security Act precludes plaintiff from recovery of attorney's fees and expenses from the United States pursuant to the Equal Access to Justice Act. Even assuming that the Equal Access to Justice Act does apply in this case, plaintiff is not entitled to a recovery

of attorney's fees and expenses from the United States.

The first provision of the Equal Access to Justice Act under which plaintiff proceeds provides that a "prevailing party" in any civil action against the United States is entitled to attorney's fees and expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (Supp. IV 1980). This standard is intended to serve as a "middle ground" between an automatic award to the prevailing party and an award available only if the United States' position in the litigation was arbitrary or frivolous. H.R.Rep.No.1418, 96th Cong., 2d Sess. 14 (1980), U.S.Code Cong. & Admin.News 1980, p. 4953. "The test of whether the Government position is substantially justified is essentially one of reasonableness in law and fact." H.R.Rep.No. 1434, 96th Cong., 2d Sess. 22 (1980) (Conference Report), U.S.Code Cong. & Admin. News 1980, p. 5011. "Furthermore, the Government should not be held liable where 'special circumstances would make an award unjust.' This 'safety valve' helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts." H.R.Rep.No.1418, 96th Cong., 2d Sess. 11 (1980), U.S.Code Cong. & Admin.News 1980, p. 4990.

In this case, the Court found that the Secretary's decision was not supported by substantial evidence and, accordingly, reversed the Secretary's decision. Despite plaintiff's contentions to the contrary,

> a finding that the Secretary's decision was not supported by substantial evidence does not require a concurrent finding by this court that the Secretary's decision was not substantially justified. To hold otherwise would mean that [Equal Access to Justice Act] fees were allowable in every case where the court found an absence of substantial evidence, a result certainly not intended by Congress.

*Wolverton v. Schweiker*, 533 F.Supp. 420, 425 (D.Idaho 1982).

This Court's reversal of the Secretary's decision primarily depended on its own view of the weight properly accorded to two items of evidence concerning the issue whether plaintiff was born, as she claimed, on June 3, 1918 or, as the Secretary had found, on June 3, 1919. The two items of evidence, both of which the Secretary relied on in finding a 1919 birthdate, included plaintiff's original birth certificate and a census record.

The Secretary accorded "the highest probative value" to the birth certificate which was filed in 1919, despite the fact that plaintiff applied for and obtained from the State of Pennsylvania in 1980 a corrected birth certificate reflecting a birthdate of June 3, 1918. The Secretary noted that the State of Pennsylvania based its correction solely on a consideration of documents that were recorded more than five years after birth and did not have an opportunity to consider any documents, such as the census record, recorded within five years of birth. Under Social Security regulations, as the Secretary pointed out, the original birth certificate was more reliable than the corrected birth certificate because filed within five years of birth and supported by the census record, also filed within five years of birth.

This Court held, however, that the Secretary should have disregarded the original birth certificate and instead considered only the corrected birth certificate as evidence of plaintiff's birthdate. Under section 1739 of title 28, 28 U.S.C. § 1739 (1976), as the Court explained, the Secretary is obligated to give full faith and credit to the State of Pennsylvania's correction of the original birth certificate.

The Secretary, at the time of his decision, apparently was unaware of the applicability of section 1739 to cases like this case involving the correction of vital records. Indeed, in the proceedings before this Court, neither plaintiff nor the Secretary demonstrated any awareness of section 1739 or the one reported Social Security Act case constru-

ing section 1739, albeit in a different context, *see Tindle v. Celebrezze*, 210 F.Supp. 912, 914–15 (S.D.Cal.1962). Thus, under the circumstances of this case, the Secretary's reliance on the original birth certificate was reasonable.

The Secretary also accorded "the highest probative value" to the census record, which was recorded in 1920 and suggested a birthdate of June 3, 1919. This Court held, however, that the census record could not be accorded "the highest probative value" because it misspelled plaintiff's family name. The Court also held that, despite the misspelling of plaintiff's name, the census record retained some probative value as evidence of a 1919 birthdate. Thus, the Secretary's reliance on the census record, although misguided in degree, cannot be characterized as unreasonable.

In addition to the census record, the Secretary's finding of a 1919 birthdate was supported by a further item of evidence, the birth certificate of plaintiff's son. Thus, despite the fact that several other items of evidence suggested a 1918 birthdate, the Secretary's finding of a 1919 birthdate does find some support in the evidence and, in light of the above analysis, may be characterized as "substantially justified" within the meaning of the Equal Access to Justice Act.

The second provision of the Equal Access to Justice Act under which plaintiff proceeds provides that the United States shall be liable to the "prevailing party" for attorney's fees and expenses "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b) (Supp. IV 1980). The only common law standard colorably applicable in this case is the bad faith exception to the American rule. Plaintiff has not even alleged, however, that the Secretary acted in bad faith in connection with this litigation. Furthermore, in this type of case, no statute specifically provides for an award of attorney's fees and expenses against the United States. *Cf.* 42 U.S.C. § 406(b)(1) (1976).

Thus, plaintiff's request for attorney's fees and expenses under this provision of the Equal Access to Justice Act is also denied.

Independent of attorney's fees and expenses, plaintiff is entitled to a judgment for costs taxed against the United States. 28 U.S.C. § 2412(a) (Supp. IV 1980).