**Harold KERR, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

No. C–1–82–1295.

United States District Court, S.D. Ohio, W.D.

Aug. 30, 1983.

Lawrence R. Fisse, Batavia, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES AND OTHER EXPENSES

SPIEGEL, District Judge:

This matter is now before the court upon a claim by the plaintiff for an award of attorney fees and expenses (doc. 9).[1] The above action was one to review an adverse decision of the Secretary terminating the benefits which the plaintiff had been receiving under Title II of the Social Security Act. On May 16, 1983, this Court found that the termination of benefits was not supported by substantial evidence (doc. 6). Pursuant to the review statute, 42 U.S.C. § 405(g), we remanded this matter back to the Secretary for calculation and award of benefits.

The plaintiff here is applying for attorney fees and expenses pursuant to 5 U.S.C. §§ 504 *et seq.* Though not so stated, we believe the plaintiff to be advancing a claim for fees and expenses under the Equal Access to Justice Act (EAJA), enacted as Title II, §§ 201–208, of the Small Business Export Act of 1980, Pub.L. 96–481, 94 Stat. 2325. We note that the EAJA has been codified in two separate sections of the United States Code. Sections 201 and 202, the introductory sections and section 203, dealing with fee awards in agency proceedings, are codified as part of the Administrative Procedure Act under Title 5. *See* 5 U.S.C. § 504 (1980). Section 204 of the Act, dealing with fee awards in civil actions, is codified as part of the Judicial Procedure Act under Title 28. *See* 28 U.S.C. § 2412 (1980). This split codification no doubt accounts for the plaintiff's erroneous statutory citation in this case. In any case, we treat this application as an application made under 28 U.S.C. § 2412.

---

1. Ordinarily we would grant the government time to respond to such a claim. Here, it is entirely likely that the government has had no notice of the claim, since the plaintiff's application bears no certificate of service. In this instance, however, we are able to decide this matter without the aid of a brief from the government. The government is not prejudiced by our action since our final decision is in its favor.

The EAJA amended Titles 5 and 28 effective October 1, 1981. This Act appears to rest on the premise that certain individuals and organizations may be deterred from seeking review of, or defending against unreasonable governmental action due to the expense involved in protecting their rights. The purpose of the Act is, therefore, to reduce existing deterrents by entitling certain prevailing parties to recover an award of attorney fees, expert witness fees and other expenses against the United States, except in those cases in which the government's action was substantially justified.

For purposes here the relevant statutory provisions would appear to be 28 U.S.C. § 2412(a) and 28 U.S.C. § 2412(d)(1)(A). These provisions hold:

(a) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(d)(1)(A) Except as other specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

The EAJA has been thoroughly considered in a social security disability context. *See, Cornella v. Schweiker,* 553 F.Supp. 240 (D.S.D.1982); *Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn. 1982); *McDonald v. Schweiker,* 551 F.Supp. 327 (N.D.Ind.1982); *Ulrich v. Schweiker,* 548 F.Supp. 63 (D.Idaho, 1982); *Moholland v. Schweiker,* 546 F.Supp. 383 (D.N.H.1982); *Bennett v. Schweiker,* 543 F.Supp. 897 (D.D.C.1982); *Ocasio v. Schweiker,* 540 F.Supp. 1320 (S.D.N.Y. 1982); *Wolverton v. Schweiker,* 533 F.Supp. 420 (D.Idaho 1982); and *Berman v. Schweiker,* 531 F.Supp. 1149 (N.D.Ill. 1982). Looking for guidance, we have carefully reviewed the decisions in each of these cases.

We note first that there has been some question concerning the applicability of the EAJA to social security cases. It appears, though, that the conditional language of the EAJA was meant only to prevent the Act from applying in those instances in which other federal statutes already permit a fee award *against the federal government.* Application of the EAJA would not be foreclosed here since the attorney fee provision set forth in the Social Security Act, 42 U.S.C. § 406, only permits an award to be made out of the claimant's own award of past-due benefits. A separate award from the government is not permitted under that statute. This was the reasoning expressed in *Hornal, McDonald, Ocasio* and *Wolverton.* Although we find such reasoning to be persuasive, we need not decide this question at this time, as we can dispose of this matter on other grounds. *Accord, Cornella; Bennett.*

We observe also that in these cases there is much discussion concerning the appropriate standard to be used in deciding applications under the EAJA. As was pointed out in *Berman,* the standard created by the statute is a new one, one not in line with either the common law exceptions to the American rule restricting the award of attorney fees, or other statutory standards allowing attorney fees against the United States. 531 F.Supp. at 1153–54. Indeed, as the legislative history makes clear, the standard is intended to serve as a "middle

ground" between an automatic award to the prevailing party and an award available only if the government was arbitrary or frivolous. H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 19, *reprinted in* [1980] U.S.Code Cong. & Admin.News 4953, 4993 (House Report). As stated in the committee report:

> The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the government can show that its cause had a reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to contesting Government action require that the burden of proof rest with the government....

> The standard, however, should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case. Nor, in fact, does the standard require the Government to establish that its decision to litigate was based upon a substantial probability of prevailing. Furthermore, the Government should not be held liable where "special circumstances would make the award unjust." This "safety valve" helps to insure that the Government is not deterred from ad-

vancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts.

House Report, *supra,* at 4889–90.

From all of the foregoing, we conclude that the standard to be used is essentially one of reasonableness. *Accord, Cornella, supra; Bennett, supra; Berman, supra.*[2] To be more precise, we believe that the issue properly framed is, consistent with the aforementioned legislative history, whether the position which the government took in the matter had a reasonable basis in law and fact.[3] We are strengthened in our conviction that this is the proper approach by the fact that the Sixth Circuit has, in a very recent case, interpreted the EAJA "substantial justification" language to call for the application of a reasonableness standard. *Wyandotte Savings Bank v. NLRB,* 682 F.2d 119, 120 (6th Cir.1982). In *Wyandotte,* the Sixth Circuit based its conclusion that a reasonableness standard was in order on the legislative history previously discussed herein. *See also Broad Avenue Laundry and Tailoring v. United States,* 693 F.2d 1387, 1391 (Fed.Cir.1982). It is, of course, true that *Wyandotte* did not involve a claim for social security disability benefits. That fact, however,

**2.** In *Wolverton, supra,* the court concluded that the applicable standard requires something "slightly above" reasonableness. 533 F.Supp. at 424. The court reasoned that because the Senate Committee on the Judiciary refused to adopt an amendment to S 265 which would have changed the language governing the award of fees from "substantially justified" to "reasonably justified," S.Rep. No. 96–253, 96th Cong., 1st Sess. 1 (1979), p. 8, the standard essentially looks to the reasonableness of the government's action, but, nonetheless is "slightly above" one based on reasonableness. *Accord, Hornal, supra.* While this is a plausible reading of the legislative history, we are more inclined to give greater weight to the language actually used in the House and Senate reports.

**3.** There is some question as to the proper interpretation to be given to the word "position", a term which is not defined in the statute. In *Moholland, supra,* the court, citing *Photo Data Inc. v. Sawyer,* 533 F.Supp. 348 (D.D.C.1982), concluded that "position" refers to the government's stance on the underlying litigation, and

not on its trial conduct. The opposite result was reached in *Alspach v. District Director of Internal Revenue,* 527 F.Supp. 225 (D.Md.1981). The court in *Cornella, supra,* citing *Nunes-Correia v. Haig,* 543 F.Supp. 812 (D.D.C.1982) and *Photo Data,* concluded that the word "position" refers both to the government's position in prosecuting or defending the litigation and to the government action on which suit is based. 553 F.Supp. at 242, n. 3. We agree that both aspects should be considered, although we concur with the *Moholland* conclusion that the primary focus under the statute should be on the government's position in the underlying litigation. In this case the government neglected to file its answer and answer transcript until several months after the date of filing of the complaint. In our Opinion and Order of May 16, 1983 (doc. 6) we indicated our displeasure with the government's failure in this regard. In accord with the foregoing analysis, however, we do not believe that this late filing should be viewed as an unjustified "position" for purposes of the EAJA. Our primary focus, we repeat, is on the government's position in the underlying litigation.

makes no difference, as the standard to be used will clearly be the same in every case in which the EAJA is held to apply.

Obviously, for purposes of the Social Security Act, 42 U.S.C. § 405(g), we have already found that the Secretary's position in the underlying litigation lacked "substantial evidence" (doc. 6). We would stress, however, that this finding does not require a concurrent finding by this Court that the Secretary's position was not substantially justified. As was pointed out in *Wolverton, supra*, to hold otherwise would mean that EAJA fees would be allowable in every case where the court found an absence of substantial evidence, a result clearly not intended by Congress. *Accord, Cornella, supra; Bennett, supra.*

■ We must emphasize, therefore, that although both tests are semantically couched in terms of "reasonableness", the legislative history makes it absolutely clear that the substantial evidence inquiry and the substantial justification inquiry are *two distinct inquiries.* It is the firm belief of this Court that Congress only contemplated a separate award of fees under the EAJA in those cases where it could be fairly said that it was unreasonable for the government to contest the claim. Of course, as long as there was at least some evidence to support a non-disability position, then we would find the government's actions in contesting the claim to be reasonable and thus substantially justified.

■ In this case, upon a careful review of the record filed herein, and upon a review as well of our prior decision based on that record, we find that the position of the United States in this matter was substantially justified. The cases in which an award was made under the EAJA, for example, *Wolverton, Hornal* and *Moholland,* can all be readily distinguished on the basis of the rather extreme situations therein presented. We find these cases to support the analysis set forth above. In *Wolverton,* for example, the court granted the award not because there was a lack of evidence to support the Secretary's position, but rather because there was *no* evidence to support his position. 533 F.Supp.

at 425 (emphasis original). Nevertheless, as was observed in *Cornella,* the *Wolverton* court was quick to add in a footnote that "[f]rom the experience of this court it is a rare situation where the Secretary's decision is supported by no evidence whatsoever. For this reason it is anticipated that few cases will arise where the Secretary's position is not substantially justified." *Id.* n. 14. In the same way, the district court in *Hornal* stated that it was "aware [that] there may be few cases in which the government's action is not substantially justified." The court noted, however, that "when there is little or no evidence supporting the government's position, [it was] obligated to award attorney fees." 551 F.Supp. at 617. Finding "essentially no evidence" to support the government's position that the plaintiff could perform sedentary work, the court in *Hornal* awarded attorney fees and expenses under the EAJA. The other cases can be similarly distinguished. *See e.g. Moholland,* 546 F.Supp. at 386 ("The ALJ's determination made a quantum leap from presumption to conclusion.").

We are satisfied, upon careful review, that this is not one of those "few cases" mentioned in *Hornal* and *Wolverton,* cases in which the respective district courts clearly found no evidence to support that government's position. Here, by contrast, we find that there was some evidence supportive of the Secretary's position that the plaintiff's disability had ceased in 1981. This evidence is discussed in detail in our Opinion and Order of May 16, 1983 (doc. 6) and need not be set forth here.

For these reasons, the plaintiff's application for attorney fees and expenses under the EAJA will be and is hereby DENIED. In denying the plaintiff's application, we make no comment as to the appropriateness of an award under the attorney fee provision of the Social Security Act itself.

SO ORDERED.