Thelma J. WHITMAN

v.

**Margaret M. HECKLER, Secretary of Health and Human Services.**

No. CIV-4-83-56.

United States District Court,
E.D. Tennessee,
Winchester Division.

March 16, 1984.

Norman B. Feaster, II, Legal Services of So. Central TN, Tullahoma, Tenn., for plaintiff.

John C. Littleton, Chattanooga, Tenn., for defendant.

### MEMORANDUM AND ORDER

HULL, District Judge.

Plaintiff brought this action for judicial review of the Secretary's decision denying her supplemental security income benefits under the Social Security Act. 42 U.S.C. § 1383(c)(3). On January 6, 1984, this Court issued an order reversing the Secretary's decision, and remanding the action for payment of benefits. Plaintiff has now moved for an award of $845.00 in attorney fees pursuant to the Equal Access to Justice Act. 28 U.S.C. § 2412(d).

The Equal Access to Justice Act of 1980 permits an award of attorney fees to a prevailing party, other than the United

States, in civil actions (other than tort actions) brought by or against the United States "unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

Plaintiff contends that she was the prevailing party; that she qualifies for this relief in terms of her financial means; that the Equal Access to Justice Act has been found applicable to Social Security proceedings despite the fee provisions in the Social Security Act; and that such an award is appropriate in her case because the defendant's position was not substantially justified.

In support of this latter contention, plaintiff points out that plaintiff's record contained a *prima facie* case for disability based on her psychological and sociological handicaps; that the Secretary offered no evidence to rebut this; and that while, under the law, this mandated that plaintiff prevail, the Secretary chose to litigate.

■ The defendant contends that the Secretary's position was substantially justified because the Administrative Law Judge could reasonably have interpreted Dr. Bercaw's psychological evaluations to indicate that plaintiff's condition was remediable and therefore did not qualify for benefits. However, the law is to the contrary. Persons undergoing rehabilitation or vocational services are entitled to receive benefits under the Social Security Act even if eventual rehabilitation is anticipated. *See Hayes v. Secretary*, 656 F.2d 204, 206 (6th Cir.1981). But in the instant case, Dr. Bercaw did not indicate that he considered plaintiff's position remediable.

In his evaluation of November 3, 1980, he wrote,

Overall, the prognosis for a vocational rehabilitation of this patient is quite guarded because of the lack of work history and the fact that she does present with some extent of anxiety. For the most part, however, I suspect that were a vocational rehabilitation effort attempted with this woman, that she would require rather extensive social type services as well.

In his evaluation of September 30, 1982, he wrote,

I am of the impression that this patient would require rather extensive vocational rehabilitation services, before gainful employment would be possible. I certainly do not anticipate that this could be accomplished within the next 12 months; nor do I (quite frankly) anticipate that this could be accomplished within the next several years. I believe that this woman would require rather extensive vocational services and obviously is going to require not only psychological services by social services as well, in order for her to be able to sufficiently reduce the amount of stress in her life, that would eventually lead to her gainful employment.

■ The Court agrees with the defendant that the mere fact that the Court has reversed a finding for lack of substantial evidence in the record does not justify an award of attorney fees under the Equal Access to Justice Act. However, where there is little or no evidence to support the government's position, and plaintiff's *prima facie* case has not been met with any competent psychological evidence to the contrary; such an award is warranted. *See Hornal v. Schweiker*, 551 F.Supp. 612, 617 (M.D.Tenn.1982).

Accordingly, plaintiff's motion for an award of attorney fees of $845.00 pursuant to 28 U.S.C. § 2412(d)(1)(A), is hereby GRANTED.