Mildred Roberta SMITH, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

Civ.A. No. 83–0143–0.

United States District Court, W.D. Kentucky, at Owensboro.

Nov. 6, 1984.

D. Todd Littlefield, Western Kentucky Legal Services, Inc., Owensboro, Ky., for plaintiff.

Mike Spalding, Asst. U.S. Atty., Louisville, Ky., for defendant.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

This matter is before the court on plaintiff's motion for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. This motion arose out of an action filed in this court against the Secretary of Health and Human Services (Secretary) by Mildred Roberta Smith. In that action Smith sought judicial review of a final decision by the Secretary terminating her disability benefits. Smith prevailed in the action, and this court ordered her benefits to be reinstated. Now, Smith is before the court claiming that under the EAJA, she is entitled to an award of attorney fees.

Jurisdiction over this action is not disputed by either party. It exists under 28 U.S.C. § 1346.

Those courts which have addressed the issue have determined that the EAJA applies to actions which arise under the Social Security Act. *Guthrie v. Schweiker,* 718 F.2d 104, 107 (4th Cir.1983); *see also, Rawlings v. Heckler,* 725 F.2d 1192 (9th Cir.1984); *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984); *Hornal v. Schweiker,* 551 F.Supp. 612 (M.D.Tenn.1982).

The EAJA directs courts to award attorney fees to successful parties other than the United States in cases brought by or against the United States. These awards must be granted "unless the court finds that the position of the United States was substantially justified or that special circumstances make the award unjust." 28 U.S.C. § 2412(d)(1)(A).

There is no question that Smith was a successful party in an action brought by or against the United States. *Smith v. Heckler,* No. 83–0143, slip op. (W.D.Ky. Mar. 30, 1984). In addition, the Secretary has not alleged that this case involves special circumstances that would make an award of attorney fees unjust. Therefore, the only remaining issue is whether the Secretary's decision to terminate Smith's benefits was substantially justified. If it was not, then this court must award attorney fees to Smith. See 28 U.S.C. § 2412(d)(1)(A).

There is no consensus among the courts as to the exact meaning of a "position that is substantially justified." However, it is generally agreed that a finding of a lack of substantial evidence to support the government's position is not alone sufficient to show a lack of substantial justification for the position. *Whitman v. Heckler,* 582 F.Supp. 221, 222 (E.D.Tenn.1984); *Hornal,* 551 F.Supp. at 617. "The standard ... should not be read to raise a presumption that the Government position was not substantially justified, simply because it lost the case." *H.R.Rep. No.* 1418, *reprinted at* 1980 *U.S.Code Cong. & Ad. News* 4953, 4984, 4990; *Spencer v. NLRB,* 712 F.2d 539, 557 (D.C.Cir.1983); *Guthrie,* 718 F.2d at 104; *Kerr v. Heckler,* 575 F.Supp. 455, 457 (S.D.Ohio 1983). Also, there is no dispute that the burden of proving substantial justification is on the government. *Environmental Defense Fund, Inc. v. Watt,* 722 F.2d 1081, 1085 (2d Cir.1983); *Ward v. Schweiker,* 562 F.Supp. 1173 (W.D.Mo.1983); *see, Cornella,* 728 F.2d at 984. Congress believed that, "where a party has had to engage in lengthy administrative proceedings before final vindication of his or her rights in the

courts, the government should have to make a strong showing to demonstrate that its action was reasonable." 1980 *U.S. Code Cong. & Ad.News* at 4997; *Environmental Defense Fund,* 722 F.2d at 1085.

The disparity among the courts arises when they attempt to define the test for substantial justification. The Congressional reports on the EAJA indicate that the test for substantial justification "is essentially one of reasonableness." 1980 *U.S. Code Cong. & Ad.News* at 4984. The government must demonstrate that its position has a reasonable basis in law and fact. *Id.* Many courts have interpreted this language to mean that the standard is strictly one of reasonableness, and that the wording "substantial justification" does not create a stricter standard. *Rawlings,* 725 F.2d at 1196; *Ceglia v. Schweiker,* 566 F.Supp. 118, 123 (E.D.N.Y.1983); *Kerr,* 575 F.Supp. at 457.

There is some evidence, however, that Congress intended the standard to be somewhat more stringent than mere reasonableness. The Senate Committee on Judiciary refused to adopt an amendment which would have changed "substantially justified" to "reasonably justified." *S.Rep. No.* 96–253 *cited in Hornal,* 551 F.Supp. at 617. Some courts have interpreted this action as a rejection of the reasonableness standard in favor of one that is more exacting on the government. *See Hornal,* 551 F.Supp. 617; *Spencer v. NLRB,* 712 F.2d at 558.

The only sixth circuit case to address the standard for awarding attorney fees under the EAJA implies that the test is one of reasonableness. *Wyandotte Savings Bank v. The National Labor Relations Board,* 682 F.2d 119 (6th Cir.1982). However, that case involved NLRB enforcement of an order, and, as the court noted, the NLRB is given broad discretion in its actions. Thus, that case is not necessarily determinative of social security cases.

Without clear sixth circuit precedent, the district courts in our circuit have developed various tests to determine whether a government position is substantially justi-

fied. In *Jones v. Schweiker*, 565 F.Supp. 52 (W.D.Mich.1983), that court ruled that the government fails to meet the standard when there is "no authority for its position." *Id.* at 56. The Southern District of Ohio has held that as long as there is at least some evidence to support the government's actions in contesting the claim, it acts with substantial justification. *Kerr*, 575 F.Supp. 455 (S.D.Ohio 1983). Finally, in *Hornal* the court defined the standard as "one that falls in between the common law 'bad faith' exception and an automatic award of attorney fees to prevailing parties," *Hornal*, 551 F.Supp. at 617, and stated that an award should be made if there is little or no evidence supporting the government's position. *Id.*

The government is usually not substantially justified when it fails to apply the correct legal standard to a case. For example, in *Howard v. Heckler*, 581 F.Supp. 1231 (S.D.Ohio 1984), the court awarded attorney fees because the ALJ had not followed sixth circuit precedent that pain of physical and psychological origins may establish a disability. *Id.* at 1233. One court's reasoning was that application of an incorrect legal standard necessarily leads to a position unsupported by law or fact, and therefore, one that is not substantially justified. *Gross v. Schweiker*, 563 F.Supp. 260, 262 (N.D.Ind.1983); *Chee v. Schweiker*, 563 F.Supp. 1362, 1365 (D.Ariz. 1983) (holding that the Secretary was not substantially justified in taking a position that was contrary to circuit court precedent). Attorney fees have also been awarded where a case was remanded to the Secretary for a *de novo* determination giving proper weight to the reports of the treating and consultative physicians. *Ceglia v. Schweiker*, 566 F.Supp. 118, 122 (E.D.N.Y.1983).

With these definitions of substantially justified before it, the court turns to the history of the present case to discover whether the government's position was substantially justified.

Mildred Roberta Smith was awarded disability benefits in 1977. Upon review in 1981, the Secretary terminated those benefits. The termination was approved upon reconsideration and by the ALJ after an administrative hearing. At that hearing the ALJ determined that Smith suffered from mild depressive neurosis, a functional bowel syndrome, and bursitis of the right hip, but that these afflictions did not prevent Smith from performing her past relevant work. He concluded that her claims of disabling pain were not credible. *Smith*, 83–0143 at 1–2.

On appeal, this court reversed the Secretary's decision. It found that Smith suffered from severe and chronic pain in her back, hip, and leg, *id.* at 4, and that a series of medical reports linked that pain to physiological as well as psychological problems. This psycho-physiologic musculoskeletal disorder led to Smith's original award of benefits and, after the award, Smith's disability persisted. Her treating physician Dr. Evans saw her frequently and reported that her condition caused severe pain and rendered her incapable of substantial gainful activity. *Id.* at 5. Moreover, Evans reported that Smith suffers from gastrointestinal problems that prevent her from taking medicine for her pain. *Id.*

In the sixth circuit the reports of treating physicians are entitled to great weight and can be disregarded only if there is persuasive contradictory evidence. *Hurst v. Schweiker*, 725 F.2d 53, 44 (6th Cir.1984); *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980); *Branham v. Gardiner*, 383 F.2d 614 (6th Cir.1967). Yet, the Secretary discounted the reports and opinions of Dr. Evans in favor of the reports of four physicians who saw Smith only once or twice. Three were hired by the Social Security Administration. None indicated that Smith was not in pain or was able to engage in substantial gainful activity. Moreover, although their reports were more detailed they contained the same type of relevant data as that in Dr. Evans' reports.

One reason treating physicians' opinions are given greater weight is because treating physicians have more exposure to the patient. In this case Dr. Evans reported

that he had known Smith since before she was his patient. He said that, "I know that she is a person who will seek employment and work if it is physically possible for her to do so." He also noted that he had "known of her doing farm work when she was in so much pain that she could not even be comfortable resting in bed." T.R. at 293.

In light of the strong evidence from Dr. Evans that Smith suffered from severe and disabling pain, and the clear sixth circuit precedent that treating physicians' opinions are entitled to great weight, this court must conclude that the Secretary's position did not have a reasonable basis in law or fact.

The Secretary argues that the ALJ made a credibility determination that Smith was not in pain, and that an incorrect credibility determination is not alone sufficient to make the Secretary's position not substantially justified. *Lonning v. Schweiker,* 568 F.Supp. 1079, 1084 (E.D.Pa.1983). However, the ALJ's decision was based only on his observations, the observations of two consultative physicians, and the fact that Smith took only mild analgesics for pain. *Smith,* 83–0143 slip op. at 8–9. Thus, this decision ignored the reports of Dr. Evans as well as the reports of all other examining doctors, none of which refuted that Smith was in pain. Moreover, the ALJ's decision did not take into account the fact that there was substantial medical evidence to support Smith's claims of severe and disabling pain, or that Smith's gastrointestinal problems prevented her from taking medication for pain.

It is unreasonable for the Secretary to ignore the overwhelming weight of the evidence and focus instead on an isolated part of the government's case. *Cornella,* 728 F.2d at 984; *Hornal,* F.Supp. at 618. This is what the Secretary did in this case.

Therefore, this court holds that the Secretary's position was unreasonable and not substantially justified. Pursuant to the Equal Access to Justice Act, plaintiff's motion for attorney fees shall be granted.

The EAJA provides for attorney fees of up to $75.00 per hour and all other reasonable fees and expenses. 28 U.S.C. § 2412(d)(2)(A). Plaintiff's attorney has submitted affirmations of the hours spent preparing plaintiff's case, and the usual fee for the work performed by an attorney of his experience. Based on the affirmations, oral inquiry of the court, and observation of counsel's work, the court finds that $50.00 per hour is a reasonable fee and awards plaintiff $850.00 for 17 hours work.