Marilyn **WHITEMAN,** SSN: 289–24–7932, Plaintiff,

v.

Otis R. **BOWEN,**[*] **Secretary of Health and Human Services, Defendant.**

No. C–1–85–361.

United States District Court, S.D. Ohio, W.D.

July 28, 1986.

---

* The only proper defendant in this action is the Secretary of Health and Human Services, Otis R. Bowen. Fed.R.Civ.P. 25(d)(1). Accordingly, Otis R. Bowen should be substituted as defendant Secretary in place of Margaret M. Heckler, and no further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Act, 42 U.S.C. § 405(g).

John Woliver, Batavia, Ohio, for plaintiff.

Joseph Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER ON ATTORNEY'S FEES

SPIEGEL, District Judge:

This matter came on for consideration on the combined motion of plaintiff's counsel for award of an attorney's fee pursuant to 42 U.S.C. § 406(b) and of plaintiff for her attorney's fees pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA) (doc. 10), to which the Secretary has responded in opposition (doc. 11). As developed briefly below, both motions for fees are denied.

### I. Section 406(b)

The Secretary aptly characterizes this case as "an appeal under the authority of 42 U.S.C. § 405(g) from a decision refusing to waive overpayments made to Plaintiff for a disallowed period of disability of her formerly incompetent child." *See* doc. 11 at 1. In our decision adopting the Magistrate's Report and Recommendation, we Ordered that the decision of the Secretary be reversed and that plaintiff be granted a waiver of collection of the overpayment claimed by the Secretary. *See* doc. 8. This disability insurance case, therefore, is not the usual one in which the Secretary is withholding twenty-five (25%) percent of the back benefits owing, out of which an award of attorney's fees can be made. With this background, and having reviewed again 42 U.S.C. § 406 and cases appurtenant thereto, we fail to see how we grant plaintiff's counsel's request, as any approval attendant to section 406 clearly is dependent upon the existence of a back benefit fund out of which an approved attorney's fee may be awarded.

We have searched in vain for some case authority that would allow us to accommodate plaintiff's counsel's request. The best we could unturn was some broad language that we quote below:

Assuming *arguendo*, however, that 42 U.S.C. § 406(b) is not applicable to the judicial review of a title XVI claim, then, as the defendant concedes, this Court still has the inherent power to set the maximum fee allowable to counsel for

his representation of the plaintiff herein. An attorney appearing before this Court is its officer. *Cohen v. Hurley* (1961), 366 U.S. 117, 124, 81 S.Ct. 954 [958] 6 L.Ed.2d 156, 162 (headnote 6); *Powell v. Alabama* (1932), 287 U.S. 45, 73, 53 S.Ct. 55 [65] 77 L.Ed. 158, 172 (headnote 12). He is admitted to practice before the Court for something more than private gain; as an officer of the Court, and like the Court itself, he is an instrument or agency to advance the ends of justice. *Theard v. United States* (1957), 354 U.S. 278, 281, 77 S.Ct. 1274 [1276] 1 L.Ed.2d 1342, 1345 (headnote 4). Such an attorney is ' * * * subject to continuing scrutiny by * * * the courts. * * * ' *In re Griffiths* (1973), 413 U.S. 717, 727, 93 S.Ct. 2851, 2857, 37 L.Ed.2d 910, 918 (headnote 14). Because of an attorney's special relationship to the responsibilities of the Court, the Court possesses ' * * * autonomous control over [his] conduct. * * * ' *Theard v. United States, supra,* 354 U.S. at 281, 77 S.Ct. at 1276, 1 L.Ed.2d at 1344 (headnote 3). Thus, this Court has inherent summary jurisdiction over the attorneys practicing before it to compel the proper relationship between themselves and their clients. *Ex parte Wall* (1883), 107 U.S. [17 Otto] 265, 2 S.Ct. 569, 27 L.Ed. 552, 556. This inherent power extends obviously to the control of the maximum fees received by attorneys for their representation of clients before this Court.

*Vaughn v. Califano,* 442 F.Supp. 185, 188 (E.D.Tenn.1977). Notably *Vaughn* was a Title XVI case, and the Sixth Circuit recently has held that district courts lack "implicit" authority to order the Secretary to withhold attorney's fees from an SSI claimant's past-due benefits and pay the fees directly to a petitioning attorney. *McCarthy v. Secretary of Health and Human Services,* 793 F.2d 741 (6th Cir.1986).

Such is in contrast, of course, to the direct statutory authority district courts have in this regard with respect to Title II, or disability insurance benefits, cases. In so concluding, the *McCarthy* Court concluded that cases holding otherwise "may reflect sound policy—insuring adequate representation of SSI claimants— ... [but] such a result hints of judicial legislating." *Id.,* at 745. To be consonant with the teaching of our parent circuit, then, we believe we must act conservatively as to the instant situation that, because of the lack of withholding of back benefits, is a far less "parallel" proceeding.

Plaintiff's counsel's caution is understandable, even admirable, given the stiff penalties that attach to improper fee collection under the Social Security Act. *See, e.g.,* 42 U.S.C. § 406(a), (b)(2). For the record, however, we note that our denial of said motion is on "procedural grounds," if you will, and is not meant to be read as an indication that the fee counsel seeks to "charge" in some fashion is unreasonable. Furthermore, we note that the Secretary seems to indicate that the appropriate course for counsel to follow is to collect his fee from plaintiff herself.[1] Mr. Rattan, the Assistant United States Attorney who responded to the instant fee petition and a seasoned veteran in the realm of Social Security law, pointed out no impropriety in counsel directly approaching his client without a court-approved order in hand. Because the United States Attorney would serve as a prosecutor in a fee collection violation case, counsel should be heartened by the tacit approval given by a representative of that office. But with respect to the narrow issue before us, the approval of an attorney's fee for legal advice in "prosecuting" a waiver of overpayment case, in the absence of any more specific authority, we are bound to deny plaintiff's counsel's motion, but direct him instead to use his own

---

1. Attorney Woliver is not a newcomer to the Social Security bar, as he has represented ably a number of claimants before this Court. We trust that he is aware that the case he presents to us is an unusual one. Although his motion in this regard was somewhat cryptic, we believe he simply seeks our imprimatur on the fees he intends to ask his client to pay. Given the brief in opposition that the government filed, however, we would have appreciated being favored with a reply brief to shed some clarification on plaintiff's counsel's request.

professional judgment as to how much of a fee to collect for services rendered.

## II. EAJA

Plaintiff's instant fee petition under the EAJA asks this Court to award a total fee of $762, representing 10.2 hours of work compensated at a rate of $75 per hour. Plaintiff urges an award of fees under the EAJA because, borrowing on the Magistrate's Report and Recommendation, "the ALJ used faulty logic and an incorrect legal standard by assuming that the average person has a clear understanding of the operations of the Social Security Act and Regulations.... [and failed] to give any consideration to the second prong of the test used to determine whether, in overpayment cases, repayment will be required or waived" (doc. 10).

This Court previously has concluded that the EAJA is applicable to Social Security cases. *Kerr v. Heckler*, 575 F.Supp. 455 (S.D.Ohio 1983). Also, in that case we delineated the operational standard for the award of fees and costs under the EAJA. As indicated in *Kerr*, the standard "is essentially one of reasonableness." *Id.* at 457 (quoting H.R.Rep. No. 1418, 96th Cong., 2d Sess. 13, *reprinted in* [1980] U.S.Code Cong. & Admin.News 4953, 4992), and the pertinent inquiries are whether the position maintained by the government had a reasonable basis in law or fact. *Id.* Further, the fact that we awarded plaintiff benefits based on our assessment that the Secretary's position in the underlying litigation lacked "substantial evidence" does not mandate that we now find that the Secretary's position then was not "substantially justified." *Id.* at 458. The standard is intended to serve as a "middle ground" between an automatic award to the prevailing party and an award available only if the government was arbitrary or frivolous. *Id.* at 456–57. When the government attempts to sustain an administrative decision in which the ALJ has failed to apply the correct legal standard, however, this Court has refused to find its position "substantially justified." *See Howard v. Heckler*, 581 F.Supp. 1231, 1233 (S.D.Ohio 1984).

As a preface to our analysis of whether the government's position was substantially justified, we comment briefly as to why we adopted the Magistrate's Report and Recommendation that plaintiff be granted a waiver of collection of the overpayments claimed by the Secretary. Primarily, we observed that the Secretary, despite notice that further appeal would be waived if objections were not filed timely, took no exception to the Magistrate's Report and Recommendation. Second, after review of the file, we were convinced that a waiver of overpayments was appropriate. When no objections are filed to a Magistrate's Report and Recommendation, we refrain from correcting factual assertions in error or toning down the language used if it makes no difference to the result we ultimately desire to reach. In this case, for example, the Magistrate used curt language to characterize the ALJ's handling of plaintiff's cause, but we are not troubled by the presence of such language as it was drafted for the purpose of evaluating whether there existed substantial evidence to support the ALJ's position, not whether same was substantially justified.

Turning now to plaintiff's first argument in support of a fee award under the EAJA, we recall the federal regulation being applied.

§ 406.506 When waiver of adjustment or recovery may be applied.

Sections 204(b) and 1870(c) of the Act provide that there shall be no adjustment or recovery in any case where an incorrect payment under title II (old-age, dependent's, survivor's and disability insurance benefits) or under title XVIII (hospital and supplementary medical insurance benefits) has been made (including a payment under section 1814(e) of the Act) with respect to an individual:

(a) Who is without fault, *and*

(b) Adjustment or recovery would either:

(1) Defeat the purpose of title II of the Act, or

**996**

(2) Be against equity and good conscience.

(Emphasis added.) It is the plaintiff's burden to prove that the waiver provision is applicable. *Hillenberg v. Bowen*, No. 85 CIV 3671 (PKL) (S.D.N.Y. June 2, 1986) [Available on WESTLAW, DCTU database] (available on Lexis, Genfed library, Dist file) (citing *Sierakowski v. Weinberger*, 504 F.2d 831, 836 (6th Cir.1974); *Morgan v. Finch*, 423 F.2d 551, 553 (6th Cir.1970). In concluding that plaintiff was not "without fault," the ALJ essentially made a credibility assessment. Because the ALJ had the opportunity to observe the demeanor of plaintiff, his conclusions with respect to credibility "should not be discarded lightly." *Beavers v. Secretary of Health, Education and Welfare*, 577 F.2d 383, 387 (6th Cir.1978). Of course, such conclusions, effectively discrediting plaintiff, must be supported by some evidence. *Glass v. Secretary of Health, Education and Welfare*, 517 F.2d 224 (6th Cir.1975). The ALJ disbelieved plaintiff's testimony that she called the local Social Security Administration (SSA) office to report her son's marriage three days after the fact. Strictly speaking, this testimony was not contra-

dicted. There is case authority to the effect that an ALJ's finding of lack of credibility in an overpayments case, in the absence of testimony contradicting plaintiff, does not suffice to meet the "substantial evidence" inquiry upon which we must test the Secretary's decision on the merits. *See, e.g., Kendrick v. Califano*, 460 F.Supp. 561, 571 (E.D.Va.1978). But, as noted, lack of substantial evidence in no way is tantamount to lack of substantial justification. All that was proffered in support of plaintiff's contention that she was "without fault" in causing the overpayments to be made was her testimony that she called the local SSA office. She did not know the name of the woman to whom she spoke; nor did she send a follow-up letter of confirmation, or tender some sort of documentary evidence to the ALJ—a diary or calendar perhaps—on which a notation of the making of the call would have been made.[2] So, while plaintiff's testimony technically was unrefuted, it likewise was uncorroborated.[3] This Court obviously was not present at the administrative hearing. From the cold record, plaintiff impressed us as an intelli-

**2.** In his Report and Recommendation, the Magistrate referred to the fact that, evidently pursuant to agency custom, the SSA's office's telephone records would have been discarded before the fact of the claimed telephone call was drawn into question. While this lack of documentation is unfortunate, we must remember that it is *plaintiff's* burden to prove she acted "without fault;" accordingly, we decline to view the ALJ's conclusions, for EAJA purposes, with the same harshness as the Magistrate did with respect to the merits of this case. *See generally Kendrick*, 460 F.Supp. at 570–72.

We note that in an overpayments case concerning benefits distributed pursuant to the Railroad Retirement Act, a plaintiff and his wife testified that they advised the agency of information that would affect plaintiff's eligibility for benefits; in addition, plaintiff submitted affidavits from agency employees that confirmed his contacts. Notably, at the first administrative level plaintiff's testimony was found to be not credible in the absence of any record of such contacts in the agency's file. At appellate administrative level, however, that determination was reversed on the weight of the submitted affidavits sworn by the agency's employees. *See Peterson v. United States Railroad Retirement Board*, 780 F.2d

1361 (8th Cir.1985). We reference *Peterson* only for the purpose of illustrating that methods of substantiation are available to diligent plaintiffs and of demonstrating why we are reluctant to find the Secretary "liable" for fees under the EAJA.

**3.** Our research for this Opinion and Order unturned the case of *Viehman v. Schweiker*, 679 F.2d 223 (11th Cir.1982), wherein the Court was quite concerned over whether the ALJ's conclusion that that plaintiff was not "without fault" was based on his disbelief of plaintiff's testimony, or his finding that proof in addition to credible testimony was necessary for plaintiff to meet his burden of proof. If it was based on an assessment of credibility, the *Viehman* court recognized the deference that would be owed to the conclusion. But if based on the latter, the court emphatically stated that, if believed, such testimony *is* sufficient to meet a plaintiff's burden of proof.

In the instant case, it is plain to the Court that the ALJ did not believe plaintiff, and therefore made a credibility assessment. We have interjected the question of corroboration only to illustrate why we think an EAJA fee assessment is inappropriate under the circumstances.

gent[4] and thoughtful woman who has done her best to care for her son, who now appears to be making a success of his life. And as much as we commend her for her efforts, we cannot say it was unreasonable for the ALJ to conclude she was intelligent enough to know that the fact of her son's marriage in some way would affect his benefits status, and that therefore her uncorroborated testimony that she called the SSA was self-serving and not true. *Cucuzzella v. Weinberger,* 395 F.Supp. 1288, 1295 (D.Del.1975), cited by the Magistrate, does hold that "recipients are not always to be deemed to have knowledge of the law or to be charged with negligence for failure to know it." But it teaches further that "all the surrounding circumstances must be taken into account before a finding of negligence can properly be made." *Id.* It behooved the ALJ to make a judgment call in this case; while we perhaps would have ruled differently, given plaintiff's method of proof and the fact that her attorney, eager to protect her interests, was leading her testimony throughout, we cannot conclude, for EAJA purposes, that the Government's position herein was not substantially justified. This case, after all, stands in marked contrast to the situation presented in *Meyer v. Secretary of Health, Education and Welfare,* 513 F.Supp. 41 (W.D. Mich.1980) wherein there was no doubt as to *whether* plaintiff had notified the SSA.

Plaintiff's second ground for an award of fees discusses the ALJ's failure to apply the "equity and good conscience" prong of the test. A close reading of the regulation reveals that it is written in the conjunctive—that is, to prevail, a plaintiff must be both without fault in causing the overpayments *and* a failure to waive collection of same by the Secretary would be against equity and good conscience. Therefore, when the ALJ found that plaintiff as not "without fault," he was not required to continue his inquiry. *See Larson v. Bowen,* — F.Supp. — No. 81–2354 (D.Kan. Mar. 18, 1986); *Morgan,* 423 F.2d at 553.

It would have been helpful to the ALJ to so indicate in his opinion. That he did not, however, does not render his position not substantially justified.

Accordingly, plaintiff's application for an award of attorney's fees pursuant to the Equal Access to Justice Act is hereby DENIED.

### III. Conclusion

To conclude, we rule that plaintiff's counsel's motion for award of an attorney's fee pursuant to 42 U.S.C. § 406(b) is hereby DENIED. Likewise, plaintiff's motion for her attorney's fees pursuant to 28 U.S.C. § 2412(d), the EAJA, also is hereby DENIED.

SO ORDERED.

4. Not all plaintiffs in these cases are so situated, see, e.g., *Kirk v. Mathews,* 428 F.Supp. 564, 566

(D.Mass.1977), a factor of no small importance.