**Bonnie K. BAILEY, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Defendant.**

**No. B–C–82–238.**

United States District Court, W.D. North Carolina, Bryson City Division.

Feb. 2, 1984.

William P. Hunter, III, Sylva, N.C., for plaintiff.

U.S. Atty., Charles R. Brewer, Asheville, N.C., for defendant.

## MEMORANDUM AND ORDER

WOODROW WILSON JONES, Chief Judge.

Plaintiff brought this action pursuant to § 1631(c)(3) of the Social Security Act, as amended [42 U.S.C.A. § 1383(c)(3)], to obtain judicial review of a final decision of the Secretary of Health and Human Services terminating her supplemental security income benefits. This matter is presently before the Court on Plaintiff's application for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412. A hearing was held in Bryson City, North Carolina on January 23, 1983. After careful consideration of the record, briefs and argument of counsel the Court now enters its findings and conclusions.

On February 22, 1983 the Court entered a Memorandum and Order remanding this case to the Secretary pursuant to 42 U.S.C.A. § 405(g) for consideration of new evidence. This new evidence consisted of two psychological reports prepared subsequent to the filing of this action. On remand an administrative law judge (ALJ) entered a decision fully favorable to the Plaintiff. The ALJ's decision was adopted by the Appeals Council on June 28, 1983. Plaintiff, of course, did not pursue any further appeal in this matter and the Secretary did not file any additional or modified findings of fact on her decision as required by 42 U.S.C.A. § 405(g). However, Plaintiff did file an application for attorney's fees on August 23, 1983.

■ Defendant contends that Plaintiff is not entitled to an award of attorney's fees for two reasons. First Defendant contends that Plaintiff's application for attorney's fees was not filed within 30 days of final judgment in this action as required by the EAJA. In *Guthrie v. Schweiker*, 718 F.2d 104 (4th Cir.1983), decided subsequent to the filing of Defendant's brief, the Court of Appeals held that the final decision of the Appeals Council on remand was not a "final judgment" within the meaning of the EAJA and that therefore an application for attorney's fees filed more than 30 days after the Appeals Council entered its final decision on remand was not untimely. The rule thus stated in *Guthrie v. Schweiker* is fully applicable to the instant case. The Court therefore concludes that, no final judgment having been entered in this action, Plaintiff's application for attorney's fees is not untimely.

■ Defendant also contends that an award of attorney's fees is improper in this case because the position of the Secretary was substantially justified. Under the EAJA a party prevailing against the United States may recover her attorney's fees. An important caveat exists however where the Court finds that the position of the United States was "substantially justified." 28 U.S.C.A. § 2412(d)(1)(A). The mere fact that a party prevails against the United States does not mean that the position of the United States was not substantially justified. To so hold would mean that a party prevailing against the United States is automatically entitled to attorney's fees, a result clearly contrary to the express language of the EAJA. The issue which the Court must therefore decide is whether the position of the Secretary in this case was substantially justified.

■ It was not until after the Defendant had filed her motion for summary judgment together with a supporting memorandum that the Plaintiff presented her new evidence and motion to remand. The Court's remand was in turn based solely upon the new evidence presented by the Plaintiff and in no way addressed the question of whether the Secretary's original decision was supported by substantial evidence. The Court at this point certainly does not intend to go back and decide the merits of Plaintiff's complaint anew. Suffice it to say that the Court's review of the record discloses evidence from which the Secretary could have reasonably determined that Plaintiff had regained the residual functional capacity to perform sedentary work.

As the Court of Appeals for the Fourth Circuit observed in *Guthrie v. Schweiker:*

In the district court the government's position generally is established at the administrative level and judicial review is limited to consideration of the adminis-

trative record by cross motions for summary judgment. Therefore, the government's position in the district court normally would be substantially justified if, as is usual, the United States attorney does no more than rely on an arguably defensible administrative record. In such a situation, the EAJA would not require an award of attorney's fees... It is possible, however, for the administrative record to be so deficient that the government would not be substantially justified in relying on it. (citation omitted)

718 F.2d at 108. *See also, Juit Heang Chee v. Smith,* 727 F.2d 1102 (4th Cir.1984) (unpublished) ("Substantial justification is to be judged on a standard of reasonableness." Slip op. at 2.) The Court concludes that in the instant case the United States Attorney did no more than rely on an arguably defensible administrative record and that therefore the position of the United States in this case was substantially justified. Plaintiff is therefore not entitled to an award of attorney's fees under the EAJA.

IT IS THEREFORE ORDERED that Plaintiff's application for attorney's fees be and the same is hereby denied.