Theodore HOWARD, Plaintiff,

v.

Margaret HECKLER,* Secretary of Health and Human Services, Defendant.

No. C–1–82–1114.

United States District Court, S.D. Ohio, W.D.

March 15, 1984.

* The only proper defendant in this action is the Secretary of Health and Human Services, Margaret Heckler. Fed.R.Civ.P. 25(d)(1). Accordingly, Margaret Heckler should be substituted as defendant Secretary in place of Richard S. Schweiker, and no further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Act, 42 U.S.C. § 405(g).

R. Gregory Park, Legal Aid Society, Cincinnati, Ohio, for plaintiff.

Joseph E. Kane, Asst. U.S. Atty., Columbus, Ohio, for defendant.

## OPINION AND ORDER

SPIEGEL, District Judge:

The plaintiff filed this action to review a final decision of the Secretary denying plaintiff's claims for Social Security disability benefits and Supplementary Security Income benefits. On July 18, 1983, the Court found that the termination of benefits was not supported by substantial evidence and, therefore, reversed the Secretary's decision. The Court also granted leave to plaintiff to file an amended complaint adding a claim for attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (Supp. V 1981). The matter now before the Court is whether plaintiff should be awarded attorney's fees and expenses pursuant to the EAJA. The Secretary opposes an award of attorneys fees on the following grounds: (1) the EAJA does not apply to plaintiff's disability claims; (2) the Secretary's position was "substantially justified"; (3) the attorney's fees were not "incurred" by plaintiff because the plaintiff is represented by a public interest service group and special circumstances exist which make an award of attorney's fees unjust.

■ I. First, the Secretary contends that the EAJA is not applicable to Social Security disability cases because the Social Security Act (Act) contains the exclusive authorization for attorney's fees. 42 U.S.C. § 406(b)(1). This contention is without merit. As we have previously stated, the conditional language of the EAJA was meant only to prevent the Act from applying in those instances in which other feder-

al statutes already permit a fee award against the federal government. *Kerr v. Heckler,* 575 F.Supp. 455, 456 (S.D.Ohio 1983). *See also Jones v. Schweiker,* 565 F.Supp. 52, 54 (S.D.Mich.1983); *Vega v. Schweiker,* 558 F.Supp. 52, 63 (S.D.N.Y. 1983); *Ocasio v. Schweiker,* 540 F.Supp. 1320, 1322 (S.D.N.Y.1982); *Wolverton v. Schweiker,* 533 F.Supp. 420, 422–23 (D.Idaho 1982). Therefore, the application of the EAJA is appropriate because the attorney fee provision of the Act only permits an award to be made out of the claimant's own award of past due benefits and does not provide for an award of attorney's fees against the government.

■ II.  Second, the Secretary contends that the government's position was substantially justified. Although the EAJA is silent as to the meaning of substantially justified, the legislative history is clear that the standard is intended to serve as a "middle ground" between an automatic award to the prevailing party and an award available only if the government was arbitrary or frivolous. *Dougherty v. Lehman,* 711 F.2d 555, 563 (3d Cir.1983) (citing *Natural Resources Defense Council, Inc. v. EPA,* 703 F.2d 700, 708, 711 (3d Cir.1983)). The committee report states:

> The test of whether or not government action is substantially justified is essentially one of reasonableness. Where the government can show its case had a reasonable basis both in law and fact no award will be made.

H.Rep. No. 96–1418, p. 10, 96th Cong., 2d Sess. *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4989; S.Rep. No. 96–253, 96th Cong., 1st Sess. The legislative history further states that the burden is on the government to prove the reasonableness of its position; however, the fact that the government lost will not raise a presumption that their position was not substantially justified nor is the government required to establish that the decision to litigate was based on a substantial probability of prevailing. H.Rep. No. 96–1418 at 10; S.Rep. No. 96–253 at 6.

■ It is clear that the government's attempt to sustain the administrative decision may therefore be reasonable, even if the Court determines that the decision was not supported by substantial evidence. *San Filippo v. Secretary of Health and Human Services,* 564 F.Supp. 173, 174 (E.D.N.Y.1983); *Wolverton v. Schweiker,* 533 F.Supp. 420, 425 (D.Idaho 1982). Therefore, we emphasize that the substantial evidence inquiry and the substantial justification inquiry are two distinct inquiries. The latter examines whether the position which the government took in the matter had a reasonable basis in law or fact.

■ In this case, upon a careful review of the record and of our prior decision based on that record, we find that the position of the United States in this matter was not substantially justified. The issue is not merely whether the Secretary's decision is supported by substantial evidence, but also whether the Administrative Law Judge (ALJ) applied the correct legal standard.

The ALJ, using a "common-sense" approach rejected plaintiff's testimony of severe pain because, in his view, "the preponderance of credible evidence shows that such impairments are not nearly as severe as claimant believes." (tr. 13). The Sixth Circuit has clearly held, however, that subjective pain may establish disability when corroborated by expert opinion based on a physician's subjective evaluation of his patient's complaint. *See Allen v. Califano,* 613 F.2d 139, 145 (6th Cir.1980); *Beavers v. Secretary of Health, Education and Welfare,* 577 F.2d 383 (6th Cir.1978); *Noe v. Weinberger,* 512 F.2d 588 (6th Cir.1975); *Young v. Califano,* C–1–76–253 (S.D.Ohio, Feb. 14, 1978); *Covington v. Weinberger,* Unempl.Ins.Rep. ¶ 14,527 (S.D.Ohio 1975); *Bishop v. Weinberger,* 380 F.Supp. 293 (E.D.Va.1974). Moreover, plaintiff's treating physician, Dr. Lim, submitted a report stating that plaintiff is unable to engage in physical labor due to severe arthritis. This opinion was supported by a number of clinic reports dated 1976 to 1981 which included important x-ray findings that showed

marked degenerative changes of the back. Although the ALJ made a blanket statement regarding his examination of the evidence, there was nothing to indicate that he carefully considered these reports which clearly supported plaintiff's testimony. Further, it was unreasonable for the Secretary to defy the medical-vocational guidelines. Given Dr. Lim's testimony regarding plaintiff's ability to lift no more than ten pounds, the most plaintiff could perform is sedentary work. In light of plaintiff's age, education, and work experience, and the residual functional capacity of performing sedentary work, the medical-vocational guidelines clearly direct a finding of disabled. 20 C.F.R. § 404 Subpart P, Appendix 2, Table No. 1, Rule 201.01. The Secretary's attempt to sustain a decision obviously lacking a reasonable basis both in law and in fact was thus not substantially justified.

This case is distinguished from the decision in *Kerr v. Heckler*, in which, on the basis of the evidence, we determined that there was some evidence supportive of the Secretary's position and, therefore, denied the plaintiff's application for attorney's fees.

■ III. Finally, the Secretary contends that no award of attorney's fees should be made as plaintiff did not incur any attorney's fees because he was represented by the Legal Aid Society of Cincinnati. The Secretary argues that individuals who are provided free legal assistance because of their poverty are not intended to benefit from the EAJA because they are not subject to the economic deterrents to contesting governmental action that the EAJA was designed to reduce. Numerous courts, however, have held that plaintiff's failure to assume the financial burden of representation is not a bar to the recovery of fees under the EAJA. *See Ceglia v. Schweiker*, 566 F.Supp. 118 (E.D.N.Y. 1983); *Watkins v. Harris*, 566 F.Supp. 493 (E.D.Pa.1983); *San Filippo v. Secretary of Health and Human Services*, 564 F.Supp. 173 (E.D.N.Y.1983); *Ocasio v. Schweiker*, 540 F.Supp. 1320 (S.D.N.Y.1982).

The legislative history of the statute indicates that the term "incurred" was not intended to limit recovery to those fees for which a plaintiff is actually liable. The House Report states:

> In general, consistent with the above limitations, the computation of attorney's fees should be based on prevailing market rates without reference to the fee arrangements between the attorney and client. The fact that attorneys may be providing services at salaries or hourly rates below the standard commercial rate which attorneys might normally receive for services rendered is not relevant to the computation of compensation under the Act. In short, the award of fees is to be determined according to general professional standards.

H.R.Rep. No. 96–1418 at 4994. Moreover, awarding attorney's fees in these cases will encourage legal service groups to represent indigent Social Security claimants, a result consistent with the goals of the Act and the EAJA. *See Ceglia v. Schweiker*, 566 F.Supp. 118 (E.D.N.Y.1983); *Jones v. Schweiker*, 565 F.Supp. 52 (S.D.Mich.1983).

In addition, plaintiffs who are represented without charge are awarded attorney's fees under statutes similar to the EAJA. *See generally, Rodriguez v. Taylor*, 569 F.2d 1231, 1244–46 (3d Cir.1977), *cert. denied*, 436 U.S. 913, 98 S.Ct. 2254, 56 L.Ed.2d 414 (1978) (Age Discrimination in Employment Act); *Cunningham v. F.B.I.*, 664 F.2d 383, 385 n. 1 (3d Cir.1981) (Freedom of Information Act). Furthermore, the Court concludes that the government has not presented any special circumstances that would make an award of fees under the EAJA unjust.

■ Counsel submitted an affidavit establishing that 16¼ billable hours were spent in connection with this litigation. He seeks compensation at the rate of $75 per hour for a total of $1,218.75. We find the hourly rate of compensation claimed reasonable and the time expended within the statutory guidelines of the EAJA.

Accordingly, it is hereby ordered that the Legal Aid Society of Cincinnati is entitled to an award of attorneys fees in the amount of $1,218.75 for their successful representation of plaintiff in this matter.

SO ORDERED.