Horace ALEXANDER

v.

Margaret M. HECKLER, Secretary of Health and Human Services.

Civ. A. No. 81–0778 P.

United States District Court, D. Rhode Island.

June 26, 1985.

David B. Green, Providence, R.I., for plaintiff.

Everett C. Sammartino, Asst. U.S. Atty., Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

The plaintiff in this action has moved this Court to award him attorney's fees under the Equal Access to Justice Act (E.A.J.A.), 28 U.S.C. § 2412. The matter was referred to the United States Magistrate pursuant to 28 U.S.C. § 636(b)(1)(B). After considering the parties' respective arguments, the magistrate issued a recommendation to this Court to grant the plaintiff's motion. The defendant filed a timely objection and supporting memorandum. I must now decide whether or not to accept the magistrate's recommendation.

The plaintiff's motion for attorney's fees raises two principal issues. Under the E.A.J.A., a prevailing party in a civil action brought by or against the United States or any agency thereof shall be entitled to fees after a final judgment has been rendered if the position the United States asserted in that action was not substantially justified. 28 U.S.C. § 2412. The party seeking the fee award must submit its application to the court "within thirty days of the final judgment in the action." *Id.* The defendant in the instant action objects to the plaintiff's request for fees on the grounds that (1) the plaintiff's application was not timely filed; and (2) in any event, the United States' position was substantially justified. For reasons that shall become apparent through my disposition of this motion, I find it necessary and appropriate to address only the timeliness issue at this juncture.

## BACKGROUND OF THE CASE

A brief chronology of the procedural history of this case is warranted in order to adequately understand the timeliness issues it raises. Horace Alexander, the plaintiff here, applied to the Social Security Administration for disability benefits on August 14, 1980. The Administration originally denied his request, and the decision was reconsidered and upheld on November 30, 1980. A hearing on the matter was conducted before an Administrative Law Judge (A.L.J.) in Providence, Rhode Island on May 14, 1981. On May 18, 1981, the A.L.J. held that Alexander was not entitled to benefits prior to June, 1979 because the record lacked evidence that his impairment was sufficiently severe before that date to preclude him from engaging in gainful employment. On October 26, 1981, the Appeals Council affirmed the A.L.J.'s decision, thereby rendering it the final decision of the Secretary of Health and Human Services (Secretary).

On December 23, 1981, the plaintiff filed the instant action in this Court pursuant to the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the Secretary's decision. On January 20, 1983, I accepted a recommendation of the United States Magistrate to affirm the administrative disposition. The plaintiff appealed my ruling, and on August 9, 1983, the United States Court of Appeals for the First Circuit reversed the court order and remanded the cause to the Secretary for further proceedings consistent with its opinion. The court found that A.L.J. erroneously based his conclusions on the absence of a medical report, even though the plaintiff's treating physician testified at the hearing as to its contents and affirmatively indicated that the disability existed prior to the date in question. The court noted that the A.L.J., "if he had doubts concerning the 1978 report, should have specifically requested the claimant to produce it before relying on its absence as a reason for denying benefits." *Alexander v. Heckler*, No. 83–1132, slip op. (1st Cir. Aug. 9, 1983).

On remand, the Secretary entered a decision favorable to the plaintiff and the plaintiff was notified of that decision on March 19, 1984. Accordingly, on May 2, 1984, the United States Attorney's office communicated with plaintiff's counsel to request that the district court action be dismissed. The plaintiff refused. Instead, he filed a motion in early January of 1985 to compel the Secretary to file with this Court notice and a transcript of the most recent admin-

istrative decision, purportedly in accordance with the requirements of the Social Security Act. That motion was denied. Finally, on January 30, 1985, the plaintiff made the fees application which is the subject of the immediate controversy.

The plaintiff argues that his fee request is not untimely since a final judgment in this action was never entered by this Court. The defendant argues that a final judgment has indeed been rendered, although she has not definitively specified when and how. She apparently contends that the final judgment was the August 9 Circuit Court order remanding the case to the Secretary or, in the alternative, it was the March 16 decision of the Administration on remand. Under either circumstance, she argues, the plaintiff requested fees long after the thirty days limitations period expired.

DISCUSSION

 After examining the procedural history of this case, I concur with the plaintiff's conclusion that a final order has not, as yet, been issued in this case. The government's contention that the decision of the Social Security Administration on remand constituted a final judgment within the meaning of E.A.J.A. is erroneous. First, a decision of the Social Security Administration is simply not a judgment within the common definition of the term, and as such, cannot logically be construed as a "final judgment" necessary to trigger the E.A.J.A. filing limitation. See Guthrie v. Schweiker, 718 F.2d 104, 106 (4th Cir.1983); Baily v. Heckler, 580 F.Supp. 33, 34 (W.D. N.C.1984). Second, the scope of the E.A. J.A. itself compels the conclusion that only a judicial order can constitute a final judgment. The Act, while it allows for fee awards in civil actions to review Social Security Administration decisions, does not cover expenses incurred incident to the administrative proceedings themselves. Guthrie, 718 F.2d at 107; Berman v. Schweiker, 713 F.2d 1290, 1295–1296, nn. 12 and 25 (7th Cir.1983); McGill v. Secretary of Health & Human Services, 712 F.2d 28, 30 (2d Cir.1983), cert. denied, ——

U.S. ——, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984). It is axiomatic, therefore, that the final judgment referred to in the Act must be a judicial and not an administrative order. Cf. McDonald v. Schweiker, 726 F.2d 311 (7th Cir.1983) (final judgment should be construed as either the order of the district court or the judgment of the appellate court).

 I also reject the government's assertion that the August 9 order to remand the case to the Secretary for further proceedings was a final judgment of the district court. As the First Circuit has recently noted, a remand order is generally "an interlocutory order that does not divest a court of jurisdiction." Avery v. Secretary of Health and Human Services, 762 F.2d 158, 163 (1st Cir.1985). A district court order which neither grants nor denies the relief a plaintiff seeks under § 405(g), but instead remands the case to the Secretary for further consideration, is indeed an interlocutory ruling. Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir.1981), citing Dalto v. Richardson, 434 F.2d 1018 (2d Cir.1970), cert. denied, 401 U.S. 979, 91 S.Ct. 1211, 28 L.Ed.2d 330 (1971). But cf. Burt v. Heckler, 593 F.Supp. 1125, 1132 (D.N.J.1984) (holding that certain remand orders, while not technically final judgments, should trigger entitlement to fees).

In addition to the fact that a remand order is not a final judgment in a technical sense, to deem it such for purposes of initiating the filing deadline for a fees request under E.A.J.A. would place worthy plaintiffs in an untenable position. The Act allows fees only for prevailing parties. A plaintiff will have prevailed on his claim only if the Administration awards his requested benefits on remand. See Brown v. Secretary of Health and Human Services, 747 F.2d 878, 881 (3rd Cir.1984); McGill, supra, 712 F.2d at 32; Miller v. Schweiker, 560 F.Supp. 838, 840 (M.D.Ala.1983); Roman v. Schweiker, 559 F.Supp. 304, 305 (E.D.N.Y.1983). Since a rehearing typically would not be held within thirty days of the district court's remand order, if that order were deemed the final judgment of

the court, the plaintiff would be effectively precluded from making a timely request for fees.[1]

Since the remand order was not a final judgment and because this Court has entered no additional orders affirming, modifying, or reversing the Secretary's decision on remand, it is clear that a final judgment has not yet been entered in this case. The plaintiff's petition for fees under the E.A.J.A., therefore, cannot possibly be time barred. Ironically, however, the second administrative decision in which the plaintiff prevailed, and which the government apparently does not intend to contest, was rendered fifteen months ago. I am thus faced with the obvious and problematic question of when and how, in a case such as the one now before me, a final judgment is to be entered so the plaintiff may properly make his application for fees.

■ The proper order constituting a final judgment in a review of the Secretary's decision under the Social Security Act is an order affirming, modifying, or reversing the original administrative decision, or if the case is remanded, the decision on remand. Even if, as here, a Social Security claimant receives benefits on remand, the case must still return to the district court. In that case, the final judgment would most likely be entered in the form of an affirmance of the administrative decision. Indeed, the Secretary herself has argued in another case that these are the proper procedural steps to be taken pursuant to a remand order. *See Brown, supra,* 747 F.2d at 884.

In order for this Court to enter a final judgment after remand, however, it must have some notification of the Secretary's subsequent disposition of the case. Such information has not been filed with this Court in the instant action. Accordingly, I order the Secretary, consistent with the directives of 42 U.S.C. § 405(g), to file its decision and findings of fact on remand, as well as a transcript of the record of those proceedings.

■ The government points out that the provision of § 405(g) to which I refer does not specifically apply to the instant case, but rather requires a filing by the Secretary only when the case is remanded by the district court either on the Secretary's motion or for the express purpose of hearing additional evidence. The relevant portion of the Social Security Act is as follows:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and there is good cause for failure to incorporate such evidence into the record in the prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action modifying or affirming was based.

42 U.S.C. § 405(g).

Although the statutory language does not explicitly address the scenario presented by the instant case, it is not necessary that Congress have anticipated every procedural variation of a remand order. It is irrelevant that a district court may have independently ordered a case remanded for reconsideration while retaining jurisdiction, rath-

---

**1.** I recognize that other federal courts have adopted the position that a plaintiff is a prevailing party if he merely achieves a remand. *See e.g., Gartner v. Soloner,* 384 F.2d 348, 355 (3d Cir.1967), *cert. denied,* 390 U.S. 1040, 88 S.Ct. 1633, 20 L.Ed.2d 302 (1968). For example, in *Burt v. Heckler, supra,* 593 F.Supp. at 1132, the district court for the district of New Jersey considered a plaintiff to be a "prevailing" party upon the issuance of a remand order because the order embodied specific instructions to the Secretary which would inevitably yield an administrative decision favorable to the plaintiff. Although this approach may well be appropriate under particular circumstances, I would not endorse it as a general rule for fees entitlement.

er than remanded it for consideration of new evidence as specifically discussed in § 405(g). The requirement that the Secretary file a record of the subsequent proceedings with the district court is, in either case, equally necessary to enable to court to render a final judgment. Accordingly, I hold that the requirements of § 405(g) are applicable by virtue of a simple analogy to all remand orders. *Accord Brown, supra,* 747 F.2d at 884 (holding that provisions govern all remand orders at the behest of the Secretary).

Having determined that a final order has not yet been entered in this action, I must dismiss the plaintiff's petition for fees as premature. The motion shall be dismissed without prejudice, however, and the plaintiff may reinstitute his request within 30 days of a final judgment.[2] I hereby order the Secretary of Health and Human Services to file with this Court a notice of the March 16 administrative decision and the record of that proceeding within 30 days. After the filing, the plaintiff may make appropriate motions to this Court for entry of a final judgment in the matter.

---

**2.** Citing *McDonald, supra,* 726 F.2d at 311, plaintiff asserts that this claim is not premature because a claimant may apply for fees before an ultimate decision is rendered. *McDonald* is inapposite to the plaintiff's case however, since that decision merely held that fairness and judicial economy require that a plaintiff be allowed to seek fees within 30 days of either a district court judgment or the judgment on appeal, regardless of which is technically the final judgment. *Id.*