Robert C. LENZ

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

Civ. No. 84–194–D.

United States District Court,
D. New Hampshire.

May 2, 1986.

Kelly & Duddy, P.A. by Raymond J. Kelly, Bedford, N.H., for Lenz.

Richard V. Wiebusch, U.S. Atty., Susan L. Howard, Asst. U.S. Atty., Concord, N.H., for Secretary of Health and Human Services.

### ORDER

DEVINE, Chief Judge.

In this Social Security appeal, the Court, under date of September 28, 1984, remanded to the Secretary of Health and Human Services ("HHS") for the taking of addi-

tional evidence from a vocational expert. In accordance with usual procedure, judgment on the aforesaid decision was entered on the same date, and subsequently the administrative transcript was returned to the Office of the United States Attorney.

Unknown to the Court, while the initial remand apparently resulted in a ruling unfavorable to claimant, further proceedings before the Appeals Council led to a favorable decision and an award of benefits.[1] By motion filed with this Court under date of March 28, 1986, claimant seeks to "reopen and amend" the judgment of September 28, 1984. The basis for this motion is plaintiff's desire to pursue a claim for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.[2]

The EAJA provides that "a court shall award to a prevailing party other than the United States" a reasonable attorney's fee and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The law is now well settled that EAJA is applicable to district court actions brought pursuant to the Social Security Act, 42 U.S.C. § 405(g), although proceedings at the administrative agency level are excluded from its coverage. *Taylor v. Heckler*, 778 F.2d 674, 676 (11th Cir.1985) (citations omitted).

■ To prove entitlement to attorney's fees under EAJA, a claimant must satisfy the dual burden of (1) qualifying as a "prevailing party" and (2) filing his application for fees "within 30 days of final judgment in the action." After a claimant has established these criteria, the district court must then make the further finding that the position of the Government was not "sub-

stantially justified" and that no "special circumstances" make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A), (B); *Taylor v. Heckler, supra*, 778 F.2d at 676.

■ The burden of proof on the issue of substantial justification is imposed on the Government. *United States v. Yoffe*, 775 F.2d 447, 450 (1st Cir.1985). This burden requires the Government to show that it had a reasonable basis in both law and fact for its position, but no presumption is raised concerning whether the Government's position was justified simply because it lost the case. *Id.; United States v. 8.4 Acres of Land, More or Less*, 620 F.Supp. 83, 84 (D.Mass.1985).

■ The First Circuit applies the general rule that a remand order is "an interlocutory order that does not divest a court of jurisdiction". *Avery v. Secretary of Health and Human Services*, 762 F.2d 158, 163 (1st Cir.1985). Accordingly, a district court order which neither grants nor denies the relief the plaintiff seeks pursuant to section 405(g) but merely remands to the Secretary for further consideration is to be classified as an interlocutory ruling. *Alexander v. Heckler*, 612 F.Supp. 272, 274 (D.R.I.1985). Unfortunately, it is not unusual for many months to elapse between the issuance of a remand order and an ultimate favorable decision on the merits by the administrative agency. *Alexander v. Heckler, supra*, 612 F.Supp. at 275. In such cases, until the district court receives notification from the Secretary of HHS as to the favorable decision and findings of fact, it cannot issue a final judgment. *Id.* The better procedure, therefore, is to direct the Secretary, in those cases which ultimately result in a favorable ruling for the Social Security claimant, to file a record of the subsequent proceeding with the district court so that such court might render a final judgment. *Id.* at 275–76.

1. The pending motion indicates that the favorable decision was issued February 18, 1986, and was received by counsel February 28, 1986, which decision indicated that benefits were to be payable as of March 9, 1979.

2. Subsection (d) of EAJA was repealed effective October 1, 1984, with the provision that the

subsection would still apply to any action commenced before the date of repeal, and repeal thereof accordingly has no effect upon any application for attorney's fees filed in the instant case. Subsection (d) was subsequently reenacted with modifications on August 5, 1985.

Inasmuch as a final order has not been entered in this action, the motion herein is granted to the extent of reopening the matter. The Order herewith issued is to have application not only to the instant case but in all future cases where, following remand by the district court, the administrative proceedings ultimately lead to a decision favorable to the Social Security claimant.

It is accordingly Ordered:

1. That the Secretary of HHS shall file with the Clerk of this Court a notice of its favorable administrative decision and the record of the proceedings leading to that favorable decision within 30 days of the date of rendering such favorable decision; [3]

2. That upon receipt of such notice and record, the matter will be referred to the applicable judge of this court who shall proceed to review the matter and render a final judgment as expeditiously as possible; and

3. That claimant shall have 30 days from the date of entry of such final judgment to file application for fees (with supporting documents) claimed pursuant to EAJA.

SO ORDERED.

---

3. In the instant case, such notice and record are to be filed with this Court within 30 days of the date of this Order.