Edwin M. WARNER, Plaintiff,

v.

Otis R. BOWEN, M.D. Secretary of Health and Human Services, Defendant.

No. 82–1931–Civ.

United States District Court, S.D. Florida, Miami Division.

Dec. 1, 1986.

Pam Fleischmann, S. Miami, Fla., for plaintiff.

Jerry J. Wall, Asst. Regional Atty., Atlanta, Ga., for defendant.

ORDER GRANTING THE PLAINTIFF'S RENEWED MOTION FOR ATTORNEY'S FEES AND COSTS AND DENYING THE DEFENDANT'S MOTION TO ALTER OR AMEND THE AUGUST 13, 1986 ORDER

JAMES LAWRENCE KING, Chief Judge.

THIS CAUSE arises before the Court upon the several motions filed by the par-

ties regarding the Plaintiff's motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 and the Defendant's motion to alter or amend the Order of dismissal entered August 13, 1986.

## PROCEDURAL BACKGROUND

This suit commenced in September of 1982 with the filing of a petition to review an administrative denial of Social Security benefits. On October 28, 1983, this Court adopted the Report and Recommendation of the U.S. Magistrate, thereby reversing the decision of the Secretary of Health and Human Services [hereinafter referred to as the Secretary] and remanding the case to the Secretary with directions to make such awards to the Plaintiff as are not inconsistent with this Court's order. On November 28, 1983, counsel for the Plaintiff filed a motion for attorney's fees under the Equal Access to Justice Act [hereinafter referred to as the EAJA]. This Court denied the Plaintiff's first motion for attorney's fees and costs as premature on December 28, 1983. Specifically, the Court held that the order remanding the case to the Secretary was not a final order as contemplated by the EAJA provision requiring a party seeking fees to apply within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). Rather, this Court reasoned that the statute providing for judicial review of these administrative decisions required the Secretary, after a remand order was issued, to file additional documentation as to the action taken by the Secretary subsequent to the remand. Thus, the Court denied the request for attorney's fees without prejudice to renew the request upon entry of final judgment after the Secretary filed the additional documentation.

Counsel for the Plaintiff renewed her motion for attorney's fees on July 28, 1986. At that time the Secretary still had not filed any notification with the Court of the Secretary's subsequent disposition of the case. However, counsel for the Plaintiff filed as an exhibit to her renewed motion correspondence from the Social Security Administration informing her that the past-due disability benefits had been made to the Plaintiff.

On August 13, 1986, the Court granted Plaintiff's counsel attorney's fees and entered an order to dismiss this action. The Court subsequently vacated the Order granting the attorney's fees and affirmed the Order of dismissal.

All pending motions filed subsequent to the August 13, 1986 order addressing the petition for attorney's fees under the EAJA and the related issues of timeliness are addressed herein.

## THE EQUAL ACCESS TO JUSTICE ACT

The EAJA authorizes a district court to award attorney's fees to an individual who prevails in a suit in which the government is the opposing party and in which the government's position was not "substantially justified". 28 U.S.C. § 2412(d)(1)(A). To obtain such a fee, the prevailing party must file an application "within 30 days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). Given the statutory time period in which to file, the first issue to determine is when the litigation reached a final conclusion for the purposes of triggering the 30-day filing period under the EAJA.

The Secretary advances two arguments as to when final judgment occured in the instant case. First, the Secretary argues that the order of remand is a final judgment within the meaning of the EAJA, thus, the renewed motion for attorney's fees of July 28, 1986 is untimely. Alternatively, the Secretary argues that the administrative decision, made after the remand, to pay the benefits and not conduct any more hearings or receive new evidence was the final judgment for EAJA purposes. Both of the Defendant's arguments as to when final judgment occured are unpersuasive and must fail.

First, an order of remand is not a final judgment. *Taylor v. Heckler*, 778 F.2d 674 (11th Cir.1985). Rather, the courts in this Circuit treat all remand orders to the Secretary under 42 U.S.C. § 405(g) as interlocutory orders, not as fi-

nal judgments. *Id.* at 677.[1] Thus, the order or remand by itself is not a final judgment and cannot trigger the 30–day period in which to file the petition for attorney's fees.

■ Addressing the second argument of the Secretary; this Court holds that the administrative decision by the Secretary to commence payment of the disability benefits is also not a final judgment necessary to trigger the filing period for attorney's fees. "[A] decision of the Social Security Administration is simply not a judgment within the common definition of the term, and as such, cannot logically be construed to trigger the EAJA filing limitation." *Alexander v. Heckler,* 612 F.Supp. 272 (D.R.I. 1985). A final judgment must be entered by the court before a litigant can apply for attorney's fees and costs under the EAJA. *Alexander,* 612 F.Supp. at 274; *Taylor,* 778 F.2d at 677.

This Court made it very clear in its December 13, 1983 order that final judgment would be entered after a receipt of the documentation required by 42 U.S.C. § 405(g). Thus, the Secretary was on notice as to the correct interpretation of § 405(g) requiring him to take some further action. In that regard, the Secretary's current posture that non-action and non-notification to the Court constitutes final judgment is somewhat incredulous. The Secretary is required to file notification of actions undertaken pursuant to the remand regardless of the fact that the Secretary choose not to conduct further administrative proceedings. This Court is not a mind-dreader and an administrative decision to pay the benefits at issue does not abrogate the Secretary's duty to inform the Court of its decision nor does it shift the burden of notification to the Plaintiff.

For the above stated reasons the final judgment in the suit was properly entered on August 13, 1986 by the entry of an order of dismissal. Consequently, the Plaintiff's renewed motion for attorney's fees and costs, filed with this Court on September 5, 1986, is timely filed.

■ The EAJA is applicable to Social Security disability claim cases. *Howard v. Heckler,* 581 F.Supp. 1231 (S.D.Ohio 1984). The Act provides for an award of attorney's fees to the prevailing private party when the position taken by the government is not "substantially justified". 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing that its position, here the administrative determination denying the Plaintiff's claim for disability benefits, was substantially justified. *White v. United States,* 740 F.2d 836 (11th Cir.1984). The standard for evaluating whether the government's position was substantially justified is one of reasonableness; to meet its burden the government must show "that its case had a reasonable basis in both law and fact." *Id.* at 839. The government has failed to meet that burden in the instant case.

A careful review of the Magistrate's Report and Recommendations, prepared May 18, 1983, indicates that the conclusions reached by the Administrative Law Judge [hereinafter referred to as the ALJ] were not reasonably based on the facts presented to him at the disability hearing. It is not this Court's intention to reevaluate the ALJ's report in light of all the evidence submitted at the administrative hearing. However, reiteration of some of the points set forth in the Magistrate's report is illustrative of the ALJ's erroneous decisionmaking.

■ For example, the ALJ found the claimant suffered only from hypertension and lumbrosacral disc disease, even though reports of the most recent examinations by two different Doctors revealed that the Plaintiff had several other ailments, including chronic obstructive pulmonary disease, a hernia, and osteoarthritis. Magistrate's report, p. 13. Additionally, the ALJ found

---

1. The same result follows regardless whether the remand order contained language directing the Secretary to take action consistent with that order. *See, Alexander v. Heckler,* 612 F.Supp. 272 (D.R.I.1985) (where order or remand contained language similar to that of the instant case). To that end, the Defendant's attempt to distinguish *Taylor v. Heckler* is unsuccessful.

the Plaintiff capable of work-related functions, except for lifting over 20 pounds, and that he could frequently lift and carry over 10 pounds. The only physical capabilities evaluation of the Plaintiff indicated that the Plaintiff could only occasionally lift or carry up to ten pounds, and could never lift or carry beyond that. Magistrate's Report, p. 11. These two conclusions of the ALJ are in direct conflict with the testimony received into evidence at the administrative hearing, and as such, are administrative determinations not supported in fact. Failure of an administrative judge to carefully consider medical testimony and reports supports a conclusion that the administrative position lacked a reasonable basis in fact and was thus not substantially justified. *Howard v. Heckler*, 581 F.Supp. 1231, 1233–1234.

Lastly, this Court concurs in the opinion of the Magistrate that the ALJ improperly submitted his judgment of the Plaintiff's condition for that of the medical experts. The Magistrate noted; "[T]hat the Administrative Law Judge was particularly impressed by his own inability to perceive pain or disability in the Plaintiff's demeanor." Magistrate's Report, p. 14. This subjective evaluation of the claimant, referred to as "sit and squirm" jurisprudence, was held improper and erroneous in the 11th Circuit case of *Freeman v. Schweiker*, 681 F.2d 727 (11th Cir.1982). In *Freeman*, the Court's finding that the ALJ's improper consideration of his own subjective judgment, coupled with his disregard of several other pertinent factual factors lead to the conclusion that the administrative determination was not substantially justified. *Id.*

The same conclusion must be reached here for essentially the same reasons. The ALJ failed to consider relevant undisputed medical evidence regarding the Plaintiff's ailments as well as his physical capacity for employment. Additionally, the ALJ engaged in his own subjective evaluation of the Plaintiff's condition. Accordingly, the Secretary's administrative determination lacked a reasonable basis in fact and, therefore was not substantially justified. An award of attorney's fees and costs is prop-

erly assessable against the Secretary in favor of the Plaintiff, Edwin M. Warner.

Accordingly, after a careful review of the record, and the Court otherwise being fully advised in the premises, it is:

ORDERED and ADJUDGED that the Plaintiff be awarded attorney's fees in the amount of $2,675.00 and costs in the amount of $60.00. It is further ORDERED and ADJUDGED that the Defendant's Motion to alter or modify the August 13, 1986 order of dismissal is DENIED.