Robert C. **LENZ**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

Civ. No. 84–194–D.

United States District Court,
D. New Hampshire.

Aug. 17, 1992.

Order on Motion for Reconsideration
Sept. 23, 1992.

Raymond J. Kelly, Manchester, N.H., for plaintiff.

Gretchen Leah Witt, Asst. U.S. Atty., Concord, N.H., for defendants.

## ORDER

DEVINE, Chief Judge.

The issues here considered arise from a motion filed by the Secretary of Health and Human Services ("Secretary"). Document no. 32. Therein, the Secretary seeks clarification and modification of a *1986* order of this court. *Id. See Lenz v. Secretary of Health and Human Services*, 641 F.Supp. 144 (D.N.H.1986).

### 1. Background

■ In general, claimants seeking various benefits pursuant to the Social Security Act must first proceed administratively. If unsuccessful, they may then seek judicial relief in a United States District Court. 42 U.S.C. § 405(g). The interrelation of such judicial review with an attorney's fees statute known as the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, is the focus of these proceedings.

In *Lenz v. Secretary of Health and Human Services, supra,* the court remanded to the Secretary, pursuant to 42 U.S.C. § 405(g), for the taking of additional evidence before a vocational counselor. Some 18 months later, the claimant moved to reopen and amend the court's prior order, citing a favorable decision by the Appeals Council which had recently issued. The purpose of his motion was to permit claimant to seek an award of attorney fees pursuant to EAJA.

In 1986, it was the rule in the First Circuit that a remand order was interlocutory in nature and did not divest the district court of jurisdiction. *Lenz,* 641 F.Supp. at 145. And it was not unusual for a considerable period of time to elapse between a remand and a final administrative ruling, but the district court generally received no notice of the result of the administrative proceedings. *Id.*

Accordingly, the court granted the motion to reopen, and, seeking to preserve claimant's rights to the benefits of EAJA, it also directed that in the future it be notified by the Secretary of any favorable administrative decisions after remand and that the record thereof be filed with the court within 30 days of such rulings. *Id.* at 146.

Several subsequent decisions of the Supreme Court have discussed the interrelation of EAJA and 42 U.S.C. § 405(g). There have also been changes in the Secretary's regulations concerning payments to beneficiaries. The Secretary contends that these developments require clarification and modification of the *Lenz* order.

### 2. Discussion

#### a. The Relationship of § 405(g) Remands and EAJA

The EAJA provides that

a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs ... incurred by that party in any civil action (other than cases sounding in tort) ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). And persons who seek such awards "shall, within 30 days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award" of such fees and expenses. 28 U.S.C. § 2412(d)(1)(B).

■ The 30–day filing requirement of EAJA is jurisdictional, and accordingly may not be waived by either the parties or the court. *Howitt v. United States Dept. of Commerce,* 897 F.2d 583, 584 (1st Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990) (collecting cases). And the term "final judgment" is statutorily defined as "a judgment that is final and not appealable, and includes an order of settlement." 28 U.S.C. § 2412(d)(2)(G).

In a recent decision, the Supreme Court held the term "final judgment in the action" to mean "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received" as it "does not encompass decisions rendered by an administrative agency." *Melkonyan v. Sullivan,* 501 U.S. ——, ——, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991). Literally read, this language would seem to mean that the timeliness of an application for fees is to be measured, not from the date of the Secretary's decision on remand, but from the date of a court judgment.

*Melkonyan* was a case where the plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g). The Secretary then moved to remand in order that plaintiff's application could be reviewed in the light of new evidence. Plaintiff joined in the remand motion, which was then granted by the court. The Secretary then found plaintiff to be disabled and granted him all the relief that he requested. More than a year later, the plaintiff sought fees pursuant to EAJA.

■ The issue in *Melkonyan* was whether the fees application was timely. The Court held that section 405(g) provides only for two types of remands as set forth in sentence four and sentence six.

Sentence four of section 405(g) grants the district court power to enter "a judg-

ment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." *Id.* The *Melkonyan* Court held that under sentence four a "final judgment" enters as of the time of remand so that "the filing period begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Id.,* 501 U.S. at ——, 111 S.Ct. at 2165.

However, if this were the only possible final judgment pursuant to sentence four in 405(g), there would be a clear inconsistency with the decision of the court in *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), which held that EAJA fees may encompass services performed during the proceedings on remand. *Id.* at 890, 109 S.Ct. at 2256–57. Obviously, such fees could not be computed if the application for fees were required to be filed immediately after entry of the order of remand. Indeed, the status of "prevailing party" may not normally be attained "until after the result of the administrative proceedings is known." *Id.* at 886, 109 S.Ct. at 2255.

In short, for those sentence four cases where the result of remand proceedings must be known before EAJA fees can be computed, the time for the entry of final judgment must be deferred until the completion of such proceedings. And as a party is granted sixty days pursuant to section 405(g) to appeal an unfavorable decision of the Secretary, it would appear by analogy that a claimant should have sixty days following notice of a favorable administrative award to petition the court for the entry of final judgment. *Kling v. Secretary of Dept. of Health and Human Services,* 790 F.Supp. 145, 149–50 (N.D.Ohio 1992). Once such judgment has been entered, the plaintiff thereafter has thirty days to file an EAJA application, but if he fails to do so, his claims for EAJA fees should thereafter be barred. *Id.*

Turning briefly to remands under sentence six of section 405(g), the court is there granted the option of (1) remanding

the case on motion of the Secretary "for good cause shown" before the Secretary files an answer, or (2) remanding the case at any time in order to take material new evidence if there is good cause for the failure to incorporate the evidence into the record in the prior proceedings. Regardless of the option exercised by the court, the Secretary thereafter must file the record of the supplemental proceedings for the court's review.

Accordingly, the *Melkonyan* Court has held that the final judgment for EAJA purposes is not entered until after the court has entered judgment following such remand, and the filing period does not begin until after the entry of such final judgment and its appeal period runs. *Melkonyan*, 501 U.S. at ——, 111 S.Ct. at 2165.

Accordingly, it appears that the *Lenz* order must be modified, but because of the dichotomy of sentence four remands, its modification must take account of such divergence. In those cases where a sentence four remand merely directs the Secretary to follow a command, such as computing benefits for the claimant, the entry of such order would be considered a final judgment, with the time periods for EAJA to run thereafter. In the case of a sentence four remand where further administrative proceedings are contemplated, however, a final judgment could not be entered until a reasonable period, here computed by the court as 60 days from notice of a favorable administrative result, was given to the claimant. With sentence six remands, the Secretary, of course, must return to the court, which thereafter enters final judgment.

### b. The Time of Filing the Record

As indicated, the *Lenz* order currently requires, where a remand results in a favorable administrative decision, that a notice of such and the record of the proceedings thereof be filed with the court within 30 days of the date of such favorable decision.

The Secretary has apparently adopted a number of regulations which he claims result in faster payment to the claimants, but which might be delayed if the court did not extend from 30 to 60 days the date of filing the record of such proceedings. Inasmuch as the court has already indicated that a 60–day period will be reasonable in light of the current state of the law, the motion with respect to filing the record of the proceedings on a date of 60 days rather than 30 days after a favorable decision will be granted.

### 3. Conclusion

The court has carefully reviewed a myriad of district court cases within and without the Circuit with respect to the effect of the *Melkonyan* decision on the remand proceedings under section 405(g) and its result, in turn, on EAJA. With due respect, the court, as hereinabove indicated, believes the better-reasoned procedure to be that set forth in *Kling v. Secretary of HHS, supra.*

Accordingly, it is herewith ordered that the prior order of this court entered in *Lenz v. Sullivan,* 641 F.Supp. 144 be clarified and modified as follows:

1. In those instances where remand is had pursuant to sentence four, 42 U.S.C. § 405(g), and such remand contemplates no more than a command to the Secretary to follow the terms and conditions of such order, such remand will constitute a "final judgment" within the meaning of EAJA so that the time limitations thereof will commence to run from such date;

2. In those cases where a remand is had pursuant to sentence four of 42 U.S.C. § 405(g) and the remand contemplates further administrative proceedings, the remand will not be considered to be a "final judgment", and the plaintiff will have 60 days after notice of a favorable administrative decision to petition the district court to enter judgment, and, following the entry of such judgment, a period of 30 days in which to file an EAJA motion for attorney fees. In consideration of these time limitations, the Secretary will have a period of 60 days from a favorable administrative decision in which to file the record of proceedings with the court;

3. In those instances where a remand is had pursuant to sentence six of 42 U.S.C. § 405(g), the entry of final judgment under EAJA will not be had until the Secretary has returned to the court with his record of proceedings and the court has entered judgment thereon;

4. In light of the foregoing, in all instances where the record of proceedings is required to be filed with the court by the Secretary, the Secretary shall have a period of sixty days from the date of completion of the administrative proceedings to file the record of same with the court.

SO ORDERED.

## ON MOTION FOR RECONSIDERATION

Suggesting that the court has misread the relevant decisions of the Supreme Court, the Secretary of Health and Human Services ("Secretary") moves the court for reconsideration and alteration of its order of August 17, 1992.[1] Accordingly, the court has again revisited the myriad and conflicting authorities.

Upon completion of such review, the court finds that the better-reasoned approach is that taken in such cases as *Gutierrez v. Sullivan*, 953 F.2d 579 (10th Cir. 1992); *Welter v. Sullivan*, 941 F.2d 674 (8th Cir.1991); *Heredia v. Secretary of Health and Human Services*, 783 F.Supp. 1550 (D.P.R.1992); and *Carter v. Sullivan*, 782 F.Supp. 1251 (N.D.Ill.1991). Undoubtedly, as the Secretary suggests, the obvious conflict among the circuits will require the issue to be revisited by the Supreme Court.[2] Until it does so, or until the First Circuit rules otherwise on a pending ap-

peal,[3] this court is satisfied that its August 17 ruling was the correct one.

Accordingly, the motion to reconsider and alter (document no. 36) is herewith denied.

SO ORDERED.

---

1. The order of August 17, 1992 (document no. 35), modified a prior order of the court as detailed in *Lenz v. Secretary of Health and Human Services*, 641 F.Supp. 144 (D.N.H.1986). Reconciling the decisions in *Melkonyan v. Sullivan*, 501 U.S. ——, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), and *Sullivan v. Hudson*, 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the court held, in relevant part, that there were two categories of "sentence four" remands recognized by 42 U.S.C. § 405(g).

2. Counsel advise that they understand that the Secretary will petition for certiorari in *Gutierrez*

*v. Sullivan, supra.* He has apparently already done so in the unpublished case of *Schaefer v. Sullivan*, 960 F.2d 1053 (8th Cir.1992).

3. Counsel advise that the First Circuit has the issue under appeal in *Labrie v. Sullivan*, No. 92–1066.